350 A.2d 872
**COMMONWEALTH of Pennsylvania,**
**Appellant,**
**v.**
**Ronald O'SHEA, Appellee.**

Supreme Court of Pennsylvania.

Argued Sept. 23, 1975.

Decided Jan. 29, 1976.

492

493

John J. Hickton, Dist. Atty., Robert L. Eberhardt, Asst. Dist. Atty., Pittsburgh, for appellant.

John J. Dean, John R. Cook, Pittsburgh, for appellee.

Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

EAGEN, Justice.

This is an appeal [1] by the Commonwealth from an order entered in the trial court granting a motion to dismiss with prejudice certain criminal charges against Ronald O'Shea and discharging him from custody. The motion was filed and the order entered pursuant to Rule 1100, § (f) of the Pennsylvania Rules of Criminal

---

1. Jurisdiction is conferred by the Act of July 31, 1970, P.L. 673, No. 223, art. II, Section 202, 17 P.S. § 211.202(1).

494

Procedure.[2]  For the reasons stated herein, we affirm the order of the court.

The facts on which the court granted the order are as follows:

On March 22, 1972, O'Shea was convicted of murder in the first degree.  On April 23, 1974, this Court reversed the conviction and remanded the case for a new trial. The Commonwealth listed the case for trial within the then applicable ninety-day limitation for the commencement of a new trial as required by Section (e) of Rule 1100 of the Pennsylvania Rules of Criminal Procedure.[3] Prior to the actual commencement of the new trial, the Commonwealth decided to seek review of our decision granting the new trial by the Supreme Court of the United States through a petition for a writ of certiorari. The Commonwealth, moreover, sought an order in the trial court postponing the new trial since the preparation and resolution of the petition would not be completed until after the date for which trial was listed.  The order postponing trial was granted.  The order noted that a resolution of the petition for certiorari could not be obtained within ninety days of the order granting a new trial and directed: "If the Writ of Certiorari is denied, the Commonwealth will set a trial date within thirty (30) days of said denial."

The petition was denied on December 23, 1974.  The Commonwealth then set trial for March 3, 1975, seventy-

2.  Section (f) provides:
    "At any time before trial, the defendant or his attorney may apply to the court for an order dismissing the charges with prejudice on the ground that this Rule has been violated.  A copy of such application shall be served upon the attorney for the Commonwealth, who shall also have the right to be heard thereon.  Any order granting such application shall dismiss the charges with prejudice and discharge the defendant."

3.  Section (e) provides:
    "A new trial shall commence within a period of ninety (90) [now one hundred and twenty (120)] days after the entry of an order by the trial court or an appellate court granting a new trial."

days following the denial of the petition and forty days beyond the thirty-day limitation imposed by the order granting the postponement.[4] On February 23, 1975, sixty-two days following the denial of the petition and thirty-two days beyond the thirty-day limitation imposed by the order granting the postponement, O'Shea filed a motion to dismiss the charges asserting that the Commonwealth had failed to retry him within the ninety-day limitation or within the extension period granted by the order postponing the trial beyond the denial date of the petition for certiorari.[5]

Based on these facts the trial court concluded the Commonwealth had violated Section (e) of Rule 1100 although the court did allow the introduction of testimony by which the Commonwealth attempted to justify the delay beyond the period set forth in the order granting

4. Time computations are made in compliance with the Act of November 25, 1970, P.L. 707, No. 230, 1 C.P.S.A. § 1908 which compels the exclusion of the first day and inclusion of the last day.
   While the time computations are made from the date of the denial of the petition for certiorari and thus in compliance with the findings of fact of the trial court which state that the trial date was to be set *within thirty days of the denial,* the order granting the postponement in fact, stated that trial was to be set *within thirty days of notice of the denial* of the petition for certiorari. Since the notice of denial was stamped January 2, 1975, and was therefore apparently received on that date, the distinction makes no difference under the instant facts. Under the principles outlined above the rule was violated whether trial was ordered set within thirty days of the denial or whether it was ordered set within thirty days of the notice of the denial. Further, the Commonwealth does not challenge the findings of the trial court.

5. Extensions of the ninety-day limitation may be granted pursuant to Section (c) of Rule 1100, which provides:
   "At any time prior to the expiration of the period for commencement of trial, the attorney for the Commonwealth may apply to the court for an order extending the time for commencement of trial. A copy of such application shall be served upon the defendant through his attorney, if any, and the defendant shall also have the right to be heard thereon. Such application shall be granted only if trial cannot be commenced within the prescribed period despite due diligence by the Commonwealth. Any order granting such application shall specify the date or period within which trial shall be commenced."

the delay in trial. The court was eminently correct in ruling the Commonwealth had failed to comply with the provisions of Section (e) of Rule 1100. However, although the error proved to be of no consequence, the Commonwealth had no right, after the period set forth in the order granting a delay in trial allowed by the court had expired, to attempt to excuse its failure to set a trial date within thirty days of the date certiorari was denied with evidence tending to show a necessity for an additional extension.

Section (e) of Rule 1100 specifically states that a new trial must commence within ninety days of an order granting a new trial.[6] The computation of the ninety-day limitation instantly must thus begin on April 23, 1974, or the date of our order granting a new trial. All of the delay beyond ninety-days following that date must be either excluded from the computation of the ninety days under the terms of the rule or justified by an order granting an extension pursuant to the terms of the rule if the Commonwealth is to prevail.

■■ Section (d) of Rule 1100 provides for two exclusions from the computation of the time limitation, but

**6.** In *Commonwealth v. Woods,* 461 Pa. 255, 336 A.2d 273 (1975), this Court ruled Section (e) of Rule 1100 was applicable to any case in which an order granting a new trial was entered after June 8, 1973. Since this Court ordered a new trial on April 23, 1974, Section (e) is applicable to the instant facts.

The Commonwealth challenges the applicability of Rule 1100 asserting that the rule does not cover every situation including the instant case and that we should therefore apply *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972) here. We need not determine if a set of facts or circumstances could arise in which the rule could not be applied, because we have no doubt that the rule is applicable to the instant facts, as indicated by the textual discussion. Moreover, the courts wherever possible must interpret the rule to avoid applying the balancing test of *Barker v. Wingo,* supra, since avoiding that test is one of the purposes of the rule. *Commonwealth v. Hamilton,* 449 Pa. 297, 297 A.2d 127 (1972). Thus, we reject the Commonwealth's position.

neither is here applicable.[7]  Section (c) of Rule 1100 provides for the granting of extensions beyond the limitation where application for such is made and trial cannot be commenced within the limitation despite due diligence by the Commonwealth.  This procedure is the method to be followed by the Commonwealth in a case such as this where the Commonwealth seeks any appeal from an order of the trial court or an appellate court granting a new trial.[8]

The order granting a postponement in this case allowed the Commonwealth an extension as provided for by Section (c) for the purposes of taking an appeal.

7.  Section (d) of Rule 1100 provides:
"In determining the period for commencement of trial, there shall be excluded therefrom such period of delay at any stage of the proceedings as results from:
(1) the unavailability of the defendant or his attorney;
(2) any continuance in excess of thirty (30) days granted at the request of the defendant or his attorney, provided that only the period beyond the thirtieth (30th) day shall be so excluded;"
The Commonwealth asserts that an additional exclusion should be implied for any period of delay resulting from proceedings concerning the defendant.  This approach is expressly provided for in Section 2.3 of the A.B A. Standards for Criminal Justice, Relating to Speedy Trials.  But our rule unlike Section 2.3 expresses no such exclusion and since our rule provides the Commonwealth with an adequate procedural method to protect its right to appeal, mainly by obtaining extensions under Section (c) of the rule, we can perceive no reason to imply an additional exclusion.  See discussion infra note 8.

8.  The Commonwealth also asserts that under Section (e) the ninety-day period must be read as commencing from the date the order granting a new trial is finalized or else the Commonwealth's substantive right of appeal will not be adequately protected.  But Section (c) provides a procedure whereby the court is required to grant an extension if trial cannot be commenced despite due diligence.  The procedure provides a method by which the Commonwealth can exercise its right without violating Rule 1100 and thus its right is adequately protected.  Moreover, any limitation on the Commonwealth's right of appeal resulting from this procedure is justified by the defendant's right to a speedy trial and by the need for proper judicial administration.  The limitation does not abridge, enlarge, or modify the Commonwealth's right.  See Pa. Const. art. V, § 10(c).  Therefore, we perceive no reason to read the word "order" in Section (e) as meaning a "finally adjudicated order."

This extension was granted in order to protect the Commonwealth's right of appeal and provided adequate protection for that right. Indeed, the exercise of the right of appeal presents the court with the obvious type of situation wherein an extension should be granted.

Further, the order states a specific period within which trial was to commence. "Any order granting [an extension] . . . shall specify the date or *period within which trial shall be commenced.*" Rule 1100, Section (c) Pennsylvania Rules of Criminal Procedure. [Emphasis added.] The extension does not toll the ninety-day limitation nor does it renew its commencement at some later date; rather, the order granting the extension must state a specific date or period within which trial must be commenced, as the order in this case did. The period or date specified in the order then becomes the time limitation within which trial must commence. Any further extension necessary must be sought pursuant to Section (c) prior to the expiration of the period for commencement of trial, that is, prior to the expiration of the period provided for in the extension, or excluded from the computation of elapsed time pursuant to Section (d).[9]

Since the order stated trial was to be scheduled within thirty days of the denial of the petition for certiorari

---

**9.** Although the Commonwealth was allowed to present evidence to justify the delay in this case, the court found it did not justify the delay. The evidence attempted to establish a need for an extension under Section (c) and did not attempt to establish an exclusion under Section (d). The court did not have the benefit of our decision in *Commonwealth v. Woods,* supra, and thus allowed evidence to justify an extension even though the prior extension granted by the order postponing trial had expired. Once the period established either by the rule's ninety-day limitation or by an order granting an extension has expired the Commonwealth may not seek a further extension nunc pro tunc. *Commonwealth v. Woods,* supra. This is not to say that where a motion to dismiss is being reviewed by the court the Commonwealth may not introduce evidence to show certain periods of time should be excluded from the computation under Section (d). Indeed, this would be the proper time to present such evidence.

and since no further extension was properly sought and since O'Shea was not brought to trial within the period provided for in the extension, the Commonwealth failed to comply with Rule 1100.[10] The order dismissing the charges with prejudice and discharging O'Shea is therefore affirmed.

10. In support of its position in this case, the Commonwealth cites our order in *Commonwealth v. Carter* denying a motion to dismiss certain criminal charges under Rule 1100. The facts were these.

The Superior Court had granted Carter a new trial. See *Commonwealth v. Carter*, 229 Pa.Super. 71, 324 A.2d 512 (1974). The Commonwealth then petitioned this Court for special permission to appeal from the Superior Court's order. While this petition was pending the time period provided for in Rule 1100 in which Carter's new trial was to begin expired without the Commonwealth seeking an extension in the trial court. Carter then filed in this Court a motion to dismiss the charges under Rule 1100. We denied the motion and subsequently granted the Commonwealth's petition to appeal. Later we filed an opinion disposing of the appeal on the merits. *Commonwealth v. Carter*, 463 Pa. 310, 344 A.2d 846 (1975). The merits of Carter's motion to dismiss were not discussed.

The obvious factual distinction between this case and *Carter* is that Carter petitioned this Court for an order dismissing the charges. We did not then consider it necessary to state this Court's views on the prcpriety of seeking a dismissal of criminal charges under Rule 1100 from this Court and we do not do so now. It is sufficient to note the distinction inherent in the procedural posture of the cases and remark, without ruling on the question, that were this Court to entertain petitions to dismiss under Rule 1100, we would then become involved in evidentiary hearings whenever the Commonwealth tried to show certain periods of time stated in Section (d) should be excluded from the computation of time. This is not an initial function of an appellate court.