364 A.2d 694
COMMONWEALTH of Pennsylvania,
Appellant,

v.

Melvin SHELTON, Appellee.

Supreme Court of Pennsylvania.

Argued June 22, 1976.

Decided Oct. 8, 1976.

Steven H. Goldblatt, Asst. Dist. Atty., Chief, Appeals Div., Deborah Glass, Philadelphia, for appellant.

Wolf, Block, Schorr & Solis-Cohen, Alan J. Davis, Philadelphia, for appellee.

Stephen J. McEwen, Jr., Upper Darby, for Pa. Dist. Attorneys' Assn.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

EAGEN, Justice.

On December 20, 1973, a special investigating grand jury in Philadelphia filed a presentment recommending Melvin Shelton be indicted on certain criminal charges. The presentment was submitted to a regular indicting grand jury which returned indictments on January 3, 1974. Shelton sought and obtained a discovery order requiring the Commonwealth to make available certain information. Because the discovery order was in apparent conflict with a previous court order impounding certain materials, the discovery order was subsequently modified to require Shelton to apply for clarification of the impounding order before discovery would be allowed.

On July 3, 1974, following a hearing and the submission of briefs, the impounding order was modified to allow Shelton access to various items which had previously been "impounded." On July 31, 1974, Shelton filed various pretrial motions and a pretrial conference was held on August 13, 1974. The Commonwealth filed an answer to Shelton's pretrial motions on September 20, 1974 and a hearing was held on October 9, 1974 in order to dispose of the motions. During that hearing, Shelton made an oral application to dismiss the charges with prejudice pursuant to Pa.R.Crim.P. 1100(f).[1] The application al-

---

1. Rule 1100(f) provides:
 "(f) At any time before trial, the defendant or his attorney may apply to the court for an order dismissing the charges with prejudice on the ground that this Rule has been violated. A copy of such application shall be served upon the attorney for the Commonwealth, who shall also have the right to be heard thereon. Any order granting such application shall dismiss the charges with prejudice and discharge the defendant."

leged the Commonwealth had failed to comply with section (a)(1) of the Rule[2] which mandates the commencement of trial no later than two hundred and seventy (270) days from the date on which the criminal complaint is filed. On October 21, 1974, Shelton filed a written application to the same effect. On November 14, 1974, the Commonwealth filed an answer to the application and requested an extension of time in which to commence trial pursuant to section (c) of the Rule.[3] On December 3, 1974, the Court of Common Pleas of Philadelphia entered an order denying Shelton's application but certified that the order, although interlocutory, presented a controlling question of law for which a substantial ground for difference of opinion existed and from which an immediate appeal would materially advance the ultimate determination of the litigation. The Superior Court thereafter exercised its discretion and permitted an appeal from the court's order denying Shelton's application.[4] The Superior Court later reversed the order of the Court of Common Pleas and ordered Shelton discharged. Opinion Judge Price. Judge Van der Voort filed "a concurring and dissenting opinion" in which President Judge Watkins and Judge Jacobs joined. The

**2.** Rule 1100(a)(1) provides:
"(a)(1) Trial in a court case in which a written complaint is filed against the defendant after June 30, 1973 but before July 1, 1974 shall commence no later than two hundred seventy (270) days from the date on which the complaint is filed."

**3.** Rule 1100(c) provides:
"(c) At any time prior to the expiration of the period for commencement of trial, the attorney for the Commonwealth may apply to the court for an order extending the time for commencement of trial. A copy of such application shall be served upon the defendant through his attorney, if any, and the defendant shall also have the right to be heard thereon. Such application shall be granted only if trial cannot be commenced within the prescribed period despite due diligence by the Commonwealth. Any order granting such application shall specify the date or period within which trial shall be commenced."

**4.** Appellate Court Jurisdiction Act, Act of July 31, 1970, P.L. 673, No. 223, art. V, § 501, 17 P.S. § 211.501 (Supp.1975–76).

Commonwealth petitioned for an allowance of appeal and we granted the petition.

The Commonwealth argues that the period of time during which the conflict between the discovery and impounding orders was being resolved by the court should not be "chargeable" to the Commonwealth because it was in fact caused by the judiciary. The Commonwealth thus refers to the period of time which it seeks to have removed from computation of the time under Rule 1100 as "judicial delay." [5]

Initially, we reject the manner in which the Commonwealth has framed the issue. Rule 1100 is not worded in terms of charging either the Commonwealth or an accused with periods of delay. Further, such terminology only serves to confuse the issue and thereby tends to cause confusion in the application of the Rule.

Rule 1100 mandates the commencement of trial within a specifically defined period of time. It provides for two exclusions from the computation of the mandatory period. Pa.R.Crim.P. 1100(d).[6] Whether or not circumstances exist in any given case which warrant excluding certain periods of time pursuant to section (d) is to be determined when an accused applies for dismissal of the charges because of an alleged violation of the Rule pursuant to section (f). *Commonwealth v. O'Shea*, 465 Pa. 491, 350 A.2d 872, 875 n. 9 (1976). Further, the Rule provides for extensions of the mandatory period where despite due diligence by the Commonwealth trial

---

5. "Judicial delay" is hereinafter used to refer to delay in the commencement of trial caused by the judiciary.

6. Rule 1100(d) provides:
"(d) In determining the period for commencement of trial, there shall be excluded therefrom such period of delay at any stage of the proceedings as results from:
(1) the unavailability of the defendant or his attorney;
(2) any continuance in excess of thirty (30) days granted at the request of the defendant or his attorney, provided that only the period beyond the thirtieth (30th) day shall be so excluded."

14

cannot be commenced within the mandatory period provided by the Rule or set forth in an order granting extension. Pa.R.Crim.P. 1100(c). Thus, arguments relating to Rule 1100 are properly advanced by employing the terminology of the Rule. We shall therefore consider the Commonwealth's argument in this manner.

■ Instantly, section (a)(1) [7] of Rule 1100 mandated the commencement of trial within two hundred and seventy days (270) from the filing of the complaint.[8] On October 21, 1974, when Shelton filed his written motion to dismiss the charges, the mandatory period of section (a)(1) in which to commence trial had already been exceeded.[9] Thus, all of the delay beyond the two hundred and seventy (270) day mandatory period

" . . . must be either excluded from the computation [of the period, Pa.R.Crim.P. 1100(d)] or justified by an order granting an extension pursuant to the

7. All relevant events took place prior to July 1, 1974 and, as such the mandatory period of section (a)(1) rather than of section (a)(2) is here applicable.

8. Although no written complaint was actually filed because of the manner in which the proceedings were initiated instantly, the Comment to Rule 1100 clearly points out that a complaint within the meaning of Rule 1100 includes "special documents used in lieu of a complaint to initiate criminal proceedings in extraordinary circumstance; namely, the presentment of a grand jury . . . when submitted to [a] subsequent indicting grand jury." See *Commonwealth v. Silver*, 238 Pa.Super. 221, 357 A.2d 612 (1976).

9. Time computations are made in compliance with the Act of November 25, 1970, P.L. 707, No. 230, 1 C.P.S.A. § 1908, and although the precise number of days between the submission of the presentment to the indicting grand jury and the filing of Shelton's written application for dismissal cannot be determined from the record because the date of submission does not appear in the record, two hundred and ninety-one (291) days lapsed between the date the indictments were returned and the date on which Shelton filed his written motion. Thus, since submission of the presentment necessarily occurred prior to the returning of the indictments, a period of at least two hundred and ninety-one days lapsed between submission and the filing.

terms of the rule [Pa.R.Crim.P. 1100(c)] if the Commonwealth is to prevail."

*Commonwealth v. O'Shea,* supra at 496, 350 A.2d at 874.

■■ The Commonwealth may not seek an extension pursuant to section (c) of the Rule nunc pro tunc, that is, the application for an extension *must be filed* prior to the expiration of the mandatory period set forth in the Rule or set forth in a previous order granting an extension. *Commonwealth v. O'Shea,* supra at 498, 350 A.2d at 875 n. 9; *Commonwealth v. Woods,* 461 Pa. 255, 336 A.2d 273 (1975). Whether or not an application for an extension is timely filed is determined by computing the amount of time which has lapsed from the filing of the complaint to the date on which the Commonwealth files its application, less any periods which are properly excludable pursuant to section (d) of the Rule. If the time so computed exceeds the mandatory period of the Rule or, in cases where an extension or extensions have been properly granted, exceeds the mandatory period set forth in the order granting the last extension, then the application is untimely.

■ Instantly, the Commonwealth sought an extension on November 14, 1974. The mandatory period in which to commence trial set forth in section (a)(1) had by that date been exceeded. Further, the two express exclusions of section (d) are here clearly inapplicable. Thus, the Commonwealth's application for an extension was untimely and the trial court erred in granting an extension.

The Commonwealth's argument that it should not be "charged" with "judicial delay" when considered in terms of the Rule seeks to have us imply an exclusion in addition to those expressed in section (d). In furtherance of its argument, the Commonwealth asserts that its right to effectuate a criminal prosecution has been substantially impaired because of dicta present in the major-

ity opinion of the Superior Court. That opinion stated, inter alia, that "judicial delay" was not only an insufficient basis on which to imply an exclusion, but it was also an insufficient basis on which to grant an extension pursuant to section (c) of the Rule. Therefore, in order to properly dispose of the Commonwealth's argument, we must first consider whether or not "judicial delay" may serve as the basis for the granting of an extension pursuant to section (c) of the Rule, and, if it may, under what circumstances such "judicial delay" justifies the granting of an application for an extension.

 Section (c) of the Rule states that an application for an extension "shall be granted only if trial cannot be commenced within the prescribed period despite due diligence by the Commonwealth." Under the circumstances now presented to us, we perceive no ambiguity in these words. As such, " . . . . the letter of [the Rule] is not to be disregarded under the pretext of pursuing its spirit." Pa.R.Crim.P. 2; Act of November 25, 1970, P.L. 707, No. 230, added December 6, 1972, P.L. 1339, No. 290, § 3, 1 C.P.S.A. § 1921(b). The "Commonwealth" in the context of the Rule clearly refers to prosecutorial officers and not to the judiciary. Literally read, the Rule quite simply does not attempt to solve the problem of eliminating delay due to the judiciary; rather, it attempts to eliminate delay due to lack of due diligence on the part of prosecutorial officers. Furthermore, if "judicial delay" does not justify an extension, then in a situation where because of the unavailability of a judge or a court before whom to commence trial at a time prior to the expiration of the mandatory period, the Commonwealth despite the exercise of all due diligence would be unable to effectuate a prosecution. Such a result would render the due diligence exception a nullity and is therefore contrary to the rule of construction that requires "[e]very [rule to] be construed, if possible, to give effect to all its provisions." Pa.R.Crim.P. 2; Act of November

25, 1970, P.L. 707, No. 230, added December 6, 1972, P.L. 1339, No. 290, § 3, 1 C.P.S.A. § 1921(a). We therefore expressly disapprove the dicta in the majority opinion of the Superior Court and rule that "judicial delay" may justify the granting of an application for an extension when timely filed.

In so ruling, we recognize that an accused's right to a speedy trial may not be completely protected by Rule 1100. But the possibility of "judicial delay" infringing on that constitutional right is remote since we have interpreted our Rule to allow for an extension because of "judicial delay" and since such extensions require application to the court which is then put on notice of delay in trial, our courts will be in an informed position and will be able to avoid that possibility through proper scheduling of trials. Moreover, an accused's right is further protected by the standards set forth in *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972).

But, although we rule "judicial delay" may justify an extension, it does not follow that every period of time utilized by a court in considering a matter pending before it relating to the accused will justify an extension. To the contrary, Rule 1100 allows an adequate period of time in which the Commonwealth may prepare its case and during which matters preliminary to trial may be disposed of.[10]

We must therefore consider under what circumstances "judicial delay" will justify an extension.

While the following circumstances are not to be considered exclusive, they represent the type of circumstances

10. Whether or not the periods of time provided for in section (a)(1) and section (a)(2) are adequate is an issue which is irrelevant instantly. Even if the periods provided for are assumed to be inadequate, the Commonwealth's right to effectuate a prosecution in this case could have been preserved had the Commonwealth filed a timely application for an extension pursuant to section (c).

wherein an extension may be justifiably granted because of a causal relationship between the "judicial delay" and the Commonwealth's inability to commence trial despite due diligence.

(1) Situations where judicial proceedings involving prosecution of the charges are still pending or resolved so near the expiration of the mandatory period fixed by the Rule or prior order granting an extension so as to preclude commencing trial within the period despite the Commonwealth's due diligence.

(2) Situations where the Commonwealth is prepared to commence trial prior to the expiration of the mandatory period but the court because of scheduling difficulties or the like is unavailable.

Since we have determined that "judicial delay" may serve as a basis for the granting of an extension pursuant to section (c), the substantial impairment allegedly created by the dicta in the Superior Court's majority opinion to the Commonwealth's right to effectuate a prosecution is not now a valid consideration in determining whether "judicial delay" should be impliedly excluded from the computation of the mandatory period in which to commence trial. Since the impairment has been removed, " . . . our rule provides the Commonwealth with an adequate procedural method to protect its right to [effectuate a prosecution], mainly by obtaining extensions under Section (c) of the rule . . . ." *Commonwealth v. O'Shea,* supra, 465 Pa. at 491 n. 7, 350 A.2d at 875 n. 7. Therefore, as in *O'Shea,* supra, " . . . we can perceive no reason to imply an additional exclusion." Further, the classification of "judicial delay" as a basis for an extension pursuant to section (c) rather than an implied exclusion will advance the Commonwealth's interests more effectively. If we were to rule "judicial delay" constitutes an implied exclusion, the Commonwealth would have to run the risk of dismissal

in each and every case where "judicial delay" was involved because whether or not an exclusion is justified is determined after the accused's application for dismissal is filed. Under our ruling today, the Commonwealth will not have to run that risk because it will be provided with a ruling on whether the "judicial delay" justifies an extension prior to the mandatory period expiring. Thus, in any given case, if the "judicial delay" is determined to be an insufficient basis for the granting of an extension, then the Commonwealth will still have time in which to commence trial because the mandatory period will not have yet expired where the application for an extension is timely. Finally, our ruling is preferable because by having the Commonwealth seek an extension the trial court will be notified of the "judicial delay" and can then take steps to cut down on these delays and thereby further protect the right of an accused to a speedy trial.

Since "judicial delay" does not constitute a basis for an implied exclusion, the Commonwealth's application for an extension instantly was clearly untimely. *Commonwealth v. O'Shea,* supra; *Commonwealth v. Woods,* supra. Therefore, we need not determine if the "judicial delay" here involved would constitute a justifiable basis for the granting of an application for an extension pursuant to section (c). Accordingly, the order of the Superior Court is affirmed.