460

366 A.2d 880

COMMONWEALTH of Pennsylvania

v.

Larry **WHITE**, Appellant.

Supreme Court of Pennsylvania.

Argued Sept. 23, 1976.

Decided Nov. 24, 1976.

Rehearing Denied Dec. 28, 1976.

John J. Dean, Anthony J. Lalama, Lester G. Nauhaus, Pittsburgh, for appellant.

Robert E. Colville, Dist. Atty., Robert L. Eberhardt, Asst. Dist. Atty., Pittsburgh, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY and MANDERINO, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

In order to reduce the backlog of criminal cases in the courts of common pleas and to provide an objective standard for the protection of a defendant's right to a speedy trial, this Court adopted Pa.R.Crim.P. 1100 pursuant to our supervisory powers.[1] Rule 1100 provides a fixed time period within which a criminal defendant must be brought to trial.[2] It also provides a fixed period within

---

[1.] See *Commonwealth v. Mayfield*, 469 Pa. ——, 364 A.2d 1345 (1976); *Commonwealth v. Hamilton*, 449 Pa. 297, 297 A.2d 127 (1972).

[2.] Rule 1100 provides:

"(a)(1) Trial in a court case in which a written complaint is filed against the defendant after June 30, 1973 but before July 1, 1974 shall commence no later than two hundred seventy (270) days from the date on which the complaint is filed.

(2) Trial in a court case in which a written complaint is filed against the defendant after June 30, 1974 shall commence no later than one hundred eighty (180) days from the date on which the complaint is filed."

which trial must commence after a motion for a new trial is granted.[3] We adopted Rule 1100 effective June 8, 1973. Today we must decide if section (e) of Rule 1100 applies when an order granting a new trial, entered before the rule's effective date, is affirmed on appeal after the rule's effective date. We hold that Rule 1100 does not apply and affirm the judgment of sentence.

Appellant Larry White was arrested for murder without a warrant on November 19, 1971. On January 7, 1972, he was indicted. His pre-trial suppression motion, based on a claim of unlawful search and seizure, was denied. On May 12, 1972, appellant was convicted of murder of the second degree after a jury trial. He filed timely post-trial motions which included his claim that certain physical evidence should have been suppressed. On February 28, 1973, the trial court decided that appellant's pre-trial suppression motion should have been granted and ordered a new trial. The Commonwealth appealed. While the appeal was pending, section (e) of Rule 1100 took effect.[4] This Court affirmed the trial court's order on October 16, 1974.[5] The Commonwealth then petitioned the United States Supreme Court for a writ of certiorari. The petition was denied on May 12, 1975.[6]

On September 8, 1975, appellant moved to quash the indictment claiming a violation of his right to a speedy trial under Pa.R.Crim.P. 1100.[7] That motion was denied

**3.** Rule 1100(e) provides:
   "A new trial shall commence within a period of one hundred and twenty (120) days after the entry of an order by the trial court or an appellate court granting a new trial."

**4.** See *Commonwealth v. Woods*, 461 Pa. 255, 336 A.2d 273 (1975).

**5.** *Commonwealth v. White*, 459 Pa. 84, 327 A.2d 40 (1974), cert. denied, 421 U.S. 971, 95 S.Ct. 1967, 44 L.Ed.2d 461 (1975).

**6.** *Pennsylvania v. White*, 421 U.S. 971, 95 S.Ct. 1967, 44 L.Ed.2d 461 (1975).

**7.** The proper procedure is an application to dismiss the charges with prejudice pursuant to Pa.R.Crim.P. 1100(f). We will consid-

and a jury found appellant guilty of murder in the second degree on September 12, 1975. Appellant's post-trial motions for a new trial and in arrest of judgment were denied. In this appeal,[8] appellant's sole contention is that he has been denied a speedy trial under Pa.R.Crim. P. 1100(e).

From October 16, 1974, when this Court affirmed the trial court's order granting a new trial, until appellant raised his speedy trial claim on September 8, 1975, 327 days elapsed. If Rule 1100(e) is applicable, it has been violated and appellant is entitled to discharge.[9] We conclude, however, that on these facts, Rule 1100(e) is not applicable.

As of October 16, 1974, Pa.R.Crim.P. 1100(e) provided that a new trial should commence within 90 days after the entry of an order by the trial court or an appellate court granting a new trial.[10] In *Commonwealth v. Woods*, 461 Pa. 255, 336 A.2d 273 (1975), we held that Rule 1100(e) applied to a defendant who was granted a

er the motion to quash as an application to dismiss. *Commonwealth v. Carter*, 236 Pa.Super. 336, 344 A.2d 648 (1975).

8. We hear this case pursuant to the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, art. II, § 202(1), 17 P. S. § 211.202(1) (Supp.1976).

9. Originally, Rule 1100(e) provided that a new trial should commence within 90 days after the entry of an order granting a new trial. The 90 day period was extended to 120 days by a rule amendment effective December 9, 1974.

If the time period for a new trial were to commence from the date of this Court's affirmance of the trial court's order on October 16, 1974, appellant should have been tried within 90 days of our order, or by January 14, 1974. For the Commonwealth then to prevail, all the delay beyond the 90 days would have to be excluded from the computation pursuant to section (d) of the rule or justified by an order granting an extension pursuant to section (c) of the rule. See *Commonwealth v. O'Shea*, 465 Pa. 491, 350 A.2d 872 (1976). The Commonwealth has neither requested an order granting an extension nor sought to exclude a sufficient number of days from computation under the rule to justify the delay here. Hence, if Rule 1100(e) is applicable, appellant is entitled to a discharge and an order dismissing the charges with prejudice. See Pa.R.Crim.P. 1100(f).

10. See note 9, supra.

new trial after the adoption of the rule even though the original criminal proceedings were commenced before the rule's effective date:

> "Because it is the entry of an order granting a new trial which starts the 90 day time limit in paragraph (e) running, *that paragraph is applicable to any court case in which such an order is entered after June 8, 1973,* the date of the adoption of Rule 1100."

Id. at 258, 336 A.2d at 274 (emphasis added). See also *Commonwealth v. Carter*, 236 Pa.Super. 336, 344 A.2d 648 (1975).

Here, the trial court ordered a new trial before June 8, 1973, and this Court affirmed that order after June 8, 1973. This case turns on which order governs the applicability of Rule 1100(e), an issue not presented in *Woods*.

■ Section (e) of Rule 1100 applies after "the entry of an order by the trial court or an appellate court granting a new trial." We recently interpreted this phrase in *Commonwealth v. O'Shea*, 465 Pa. 491, 350 A.2d 872 (1976). We held that the time limit of section (e) of Rule 1100 is computed from the date on which the initial order granting a new trial is entered, even when the Commonwealth seeks an appeal. In such a case, if the appeal will delay proceedings beyond the period prescribed in section (e), the Commonwealth should apply for an extension of time pursuant to section (c) of the rule. We declined the Commonwealth's invitation to read the word "order" in section (e) to mean a "finally adjudicated order." *Id.* at 497, 350 A.2d at 875. The effect of our holding in *O'Shea* was to impose the time limit of Rule 1100(e) from the date a new trial is first ordered by either the trial court or appellate court.

■■ Since the date a court first grants a new trial determines when the time limit of section (e) begins to run, it should also govern the applicability of that section

of the rule. Thus, we look to the date a trial or appellate court first orders a new trial in order to determine whether Rule 1100(e) applies. Because the trial court order granting a new trial on February 28, 1973 preceded the effective date of Rule 1100(e), we are satisfied that the rule is not applicable to this case.

Judgment of sentence affirmed.

NIX, J., did not participate in the consideration or decision of this case.