369 A.2d 770

**COMMONWEALTH of Pennsylvania**

v.

**Richard A. MITCHELL, Defendant-Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 16, 1975.

Decided Feb. 18, 1977.

Wayne G. Hummer, Jr., and Lombardo & Hummer, Lancaster, for defendant-appellant.

Charles A. Achey, Jr., Assistant District Attorney, and D. Richard Eckman, District Attorney, Lancaster, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

CERCONE, Judge:

This is an appeal from the judgment of sentence of the Court of Common Pleas, Criminal Division, of the County of Lancaster. Appellant, Richard A. Mitchell claims that he was denied his right to a speedy trial in that he was not brought to trial within 180 days from the date on which the criminal complaint was filed against him, thus violating Pa.R.Crim.P. 1100(a)(2).[1]

A written complaint was filed against appellant on July 15, 1974, charging him with burglary and theft by unlawful taking. The 180 days would normally have run on January 11, 1975. On November 25, 1974, the Commonwealth filed a petition for an extension of time for commencing trial pursuant to Pa.R.Crim.P. 1100(c).[2] A hearing on the Commonwealth's petition was held on November 29, 1974, and the appellant, although notified, did not appear. On January 7, 1975, the lower court granted the Commonwealth's petition and extended the date for commencement of trial 120 days from January 7, 1975, or until May 7, 1975. On January 16, 1975, appellant filed a petition pursuant to Pa.R.Crim.P. 1100(f)[3] alleg-

1. Pa.R.Crim.P. 1100(a)(2) provides that:
"Trial in a court case in which a written complaint is filed against the defendant after June 30, 1974 shall commence no later than one hundred eighty (180) days from the date on which the complaint is filed."

2. Pa.R.Crim.P. 1100(c) provides that:
"At any time prior to the expiration of the period for commencement of trial, the attorney for the Commonwealth may apply to the court for an order extending the time for commencement of trial. A copy of such application shall be served upon the defendant through his attorney, if any, and the defendant shall also have the right to be heard thereon. Such application shall be granted only if trial cannot be commenced within the prescribed period despite due diligence by the Commonwealth. Any order granting such application shall specify the date or period within which trial shall be commenced."

3. Pa.R.Crim.P. 1100(f) provides in pertinent part that:
"At any time before trial, the defendant or his attorney may apply to the court for an order dismissing the charges with prejudice on the ground that this Rule has been violated. . . ."

ing that Rule 1100 of the Pennsylvania Rules of Criminal Procedure had been violated by the delay in the commencement of trial. Said petition was denied. On March 26, 1975, appellant renewed his application to dismiss, the lower court denied it and the matter proceeded to trial that same day and a jury verdict of guilty was returned also on the same day, March 26, 1975. In light of the fact that the trial was held within the 120 day extension granted on January 7, 1975, the seminal question in this case is whether, on January 7, the court below erred in granting the Commonwealth's petition for extension of time by extending the time for trial by 120 days from January 7, 1975.[4] We hold that the lower court did not err because we find that the delay in bringing the case to trial is within that type of "judicial delay" which our Supreme Court recently held could justify the granting of a petition for extension of time pursuant to Rule 1100(c), *Commonwealth v. Shelton*, 469 Pa. 8, 364 A.2d 694 (1976).

■ Any application by the Commonwealth pursuant to Rule 1100(c) must be filed prior to the expiration of the 180 day period. *Commonwealth v. O'Shea*, 465 Pa. 491, 350 A.2d 872 (1976). In the instant case, the application was filed on November 25, 1975, approximately six weeks before the end of the 180 day period. Therefore, procedurally, the Commonwealth filed a timely petition for extension of time.

■ Subsection c of Rule 1100 provides for extensions of the mandatory period where despite due diligence by

4. It appears, from the transcript of March 26, that the case was set for trial during the January, 1975 Term but was continued when the Commonwealth learned that appellant's co-defendant was incarcerated in Tennessee. Significantly, however, trial commenced on March 26, 1975, clearly within the period of time allowed by the court's 120 day extension granted on January 7, 1975. There is no allegation, by appellant, that trial could have been held prior to the expiration of the 180 day period on January 11, 1975, without a special term of court.

the Commonwealth, trial cannot be commenced within the 180 day mandatory period provided by the Rule. In analyzing the Commonwealth's petition for extension pursuant to Rule 1100(c) we find that the only reason given in requesting the extension was that the case had not been received by the court below until August 19, 1975 and that the docket had closed for presentation of case to the September Grand Jury of Lancaster County. Appellant admits that since Lancaster County did not have a scheduled criminal court term for the commencement of trial until January 13, 1975 it was inevitable that, without an extension, the 180 day rule would run and the charges would be dismissed. Anticipating this problem the district attorney filed for his extension alleging that it would be impossible for the district attorney's office to prosecute appellant within the 180 day period despite due diligence on the part of the prosecution.

The reason the case had not been returned before the docket was closed was due to the fact that the preliminary hearing, which was originally scheduled for July 22, 1974, was not held until August 13, 1974. This was in violation of Pa.R.Crim.P. 140(f)(1) which provides that a preliminary hearing should be held no later than ten days after preliminary arraignment.[5] However, it was not due to any lack of diligence on the part of the prosecutor but rather, it was due to a continuance requested by the Justice of the Peace.[6]

In *Commonwealth v. Mayfield,* 469 Pa. 214, 364 A.2d 1345 (1976), our Supreme Court reversed the decision of this Court and noted that:

> "The Superior Court, concluding that rule 1100 was intended to promote prompt action by the courts as well as by the prosecution, held that delays attributable to court administration could never justify an extension

5. Appellant was arraigned on July 15, 1974.

6. The reasons for the requested continuance by the Justice of the Peace are not apparent from the record.

under rule 1100(c). The rule, however, was not intended to create such an inflexible result."

What has occurred in the case at bar is that a three week delay at the district magistrate's office resulted in an unavoidable four month delay for trial. Our Supreme Court recently stated that:

"The 'Commonwealth' in the context of the Rule clearly refers to prosecutorial officers and not to the judiciary. Literally read, the Rule quite simply does not attempt to solve the problem of eliminating delay due to the judiciary; rather, it attempts to eliminate delay due to lack of due diligence on the part of prosecutorial officers." *Commonwealth v. Shelton*, supra, 469 Pa. at 16, 364 A.2d at 698.

The *Shelton* court later noted that "judicial delay" may, under certain circumstances, justify an extension "because of a causal relationship between the 'judicial delay' and the Commonwealth's inability to commence trial despite due diligence." One of the examples cited by the court was, "Situations where the Commonwealth is prepared to commence trial prior to the expiration of the mandatory period but the court because of scheduling difficulties or the like is unavailable." The record of the hearing on the Commonwealth's petition for an extension of time clearly shows that because of the scheduling difficulties the case could not be heard prior to the expiration of 180 days. Thus this case is squarely within the mandate of the *Shelton* case. The court granted the Commonwealth an extension of 120 days thus specifying the period within which trial shall commence as mandated by Rule 1100(c), and the trial did, in fact, commence and conclude within the extension granted.

The delay in this case is within those circumstances which our Supreme Court has recognized as that type of "judicial delay" which the court does not find objectionable, and the delay occurred even though the Common-

wealth was diligent in attempting to bring the defendant to trial.

Accordingly, the judgment of sentence is affirmed.

HOFFMAN, J., files a dissenting opinion in which PRICE and SPAETH, JJ., join.

PRICE, J., files a dissenting opinion in which SPAETH, J., joins.

HOFFMAN, Judge, dissenting:

I join in the well-reasoned dissenting opinion by Judge PRICE, but am compelled to add a brief dissent because of confusion created by the Supreme Court's recent decisions in *Commonwealth v. Mayfield*, 469 Pa. 214, 364 A. 2d 1345 (1976), and *Commonwealth v. Shelton*, 469 Pa. 8, 364 A.2d 694 (1976).

Appellant's preliminary hearing was originally scheduled for July 22, 1974, but was continued until August 13, 1974, because of scheduling difficulties experienced by the justice of the peace. The lower court subsequently granted the Commonwealth's petition to extend pursuant to Rule 1100(c). However, a prerequisite to such an extension is that the Commonwealth exercise due diligence in bringing an accused to trial. Judge PRICE notes that the Supreme Court in *Commonwealth v. Mayfield*, supra, held that the judiciary as well as the prosecutor must exercise due diligence. See also, ABA Project on Standards for Criminal Justice, Standards Relating to the Function of the Trial Judge § 3.8 (Approved Draft, 1972); ABA Project on Minimum Standards for Criminal Justice, Standards Relating to Speedy Trial § 1.2 (Approved Draft, 1968). Further, Judge PRICE notes that the justice's failure to comply with Rule 140(f),[1] pre-

---

1. Rule 140(f) provides: "when a preliminary hearing is not waived, the issuing authority shall:

"(1) fix a day and hour for a preliminary hearing which shall not be less than three nor more than ten days after preliminary

cludes a finding that the Commonwealth demonstrated due diligence. I agree.

The Supreme Court reversed our holding in *Mayfield*, see *Commonwealth v. Mayfield*, 239 Pa.Super. 279, 362 A.2d 994 (1976), and stated that "[t]he Superior Court, concluding that rule 1100 was intended to promote prompt action by the courts as well as by the prosecution, held that delays attributable to court administration could never justify an extension under rule 1100(c). The rule, however, was not intended to create such an inflexible result." *Commonwealth v. Mayfield*, supra, 469 Pa. at 220, 364 A.2d at 1348. Nonetheless, Justice ROBERTS, writing for a unanimous court, was careful to note that the rule did not exempt the judiciary from the exercise of due diligence.

The Majority, however, resolves the instant problem by relying on language in *Commonwealth v. Shelton*, 469 Pa. 8, 364 A.2d 694 (1976), rather than on *Commonwealth v. Mayfield*, supra: "What has occurred in the case at bar is that a three week delay at the district magistrate's office resulted in an unavoidable four month delay for trial. Our Supreme Court recently stated that:

" 'The "Commonwealth" in the context of the Rule clearly refers to prosecutorial officers and not to the judiciary. Literally read, the Rule quite simply does not attempt to solve the problem of eliminating delay due to the judiciary; rather, it attempts to eliminate delay due to lack of due diligence on the part of prosecutorial officers.' *Commonwealth v. Shelton*, supra, 469 Pa. at 16, 364 A.2d at 698." At 772. Although *Shelton* and *May-*

arraignment unless extended for cause shown, unless the issuing authority fixes an earlier date upon request of the defendant or his attorney with the consent of the complainant and the attorney for the Commonwealth;

"(2) give the defendant notice of the time and place of hearing thus fixed; and

"(3) afford the defendant a reasonable opportunity to post bail, and if bail is not so obtained, commit him to jail according to law."

*field* were handed down on the same day by a unanimous court, I believe that the Court's position is inconsistent on whether the "Commonwealth" for purposes of the rule means the prosecutor or the entire court system. See also *Commonwealth v. Silver*, 238 Pa.Super. 221, 357 A.2d 612 (1976). In *Shelton*, the Supreme Court disapproved dicta in our Court's decision in the same case. Compare *Commonwealth v. Shelton*, supra, 469 Pa. at 19, 364 A.2d at 699 and *Commonwealth v. Shelton*, 239 Pa. Super. 195, 361 A.2d 873 (1976).[2] In turn, the language relied upon by the Majority was also unnecessary to the Supreme Court's decision. However, the issue was not dicta in *Mayfield*. Thus, I resolve any contradiction in language by relying on the holding in *Mayfield* and agree with Judge PRICE's conclusion that the judiciary must exercise due diligence.

Therefore, I dissent.

PRICE and SPAETH, JJ., joined in this dissenting opinion.

PRICE, Judge, dissenting:

I respectfully dissent. On July 15, 1974, a criminal complaint was filed against the appellant, charging him with burglary[1] and theft by unlawful taking.[2] On March 26, 1975, the appellant was convicted of these charges by a jury. The appellant now claims that his right to a speedy trial was denied in that he had not been brought to trial within 180 days from the date the criminal complaint was filed against him, as required by Pa.

2. The Supreme Court agreed with this Court that the Commonwealth's failure to petition to extend pursuant to Rule 1100(c) mandated a dismissal of the charges. Our Court had gone further and discussed whether, had a timely petition been filed, the justification offered by the Commonwealth—courtroom unavailability—could justify an extension.

1. 18 Pa.C.S. § 3502.

2. 18 Pa.C.S. § 3921.

R.Crim.P. 1100(a)(2).[3] After careful examination of the record, I agree with this contention, and would therefore reverse the judgment of sentence and discharge the appellant.

On November 25, 1974, the Commonwealth applied to the court below for an extension of time for commencement of trial pursuant to Pa.R.Crim.P. 1100(c).[4] On January 7, 1975, the court below granted the Commonwealth an extension of 120 days, or until May 7, 1975, for commencement of trial. On January 16, 1975, the appellant filed a petition to dismiss the charges against him for violation of his right to a speedy trial pursuant to Pa.R.Crim.P. 1100(f).[5]

The Commonwealth predicated its petition for an extension of time upon a claim that trial could not be commenced by January 13, 1975, the 180th day, because the case had not been received by the court below until August 19, 1974, which was five days after the docket had closed for presentation to the September Grand Jury of Lancaster County. Implicit in the Commonwealth's petition is a recognition that it was highly improbable that the appellant's trial could be commenced within the prescribed period because the next Grand Jury of Lancaster County was not scheduled to convene until January,

---

3. Pa.R.Crim.P. 1100(a)(2) provides that: "[t]rial in a court case in which a written complaint is filed against the defendant after June 30, 1974 shall commence no later than one hundred eighty (180) days from the date on which the complaint is filed."

4. Pa.R.Crim.P. 1100(c) provides in pertinent part:
"At any time prior to the expiration of the period for commencement of trial, the attorney for the Commonwealth may apply to the court for an order extending the time for commencement of trial. . . . Such application shall be granted only if trial cannot be commenced within the prescribed period despite due diligence by the Commonwealth."

5. Pa.R.Crim.P. 1100(f) provides in pertinent part:
"At any time before trial, the defendant or his attorney may apply to the court for an order dismissing the charges with prejudice on the ground that this Rule has been violated. . . ."

1975. The record clearly shows that the appellant was not responsible for any of the delay in the case reaching the court below. The Commonwealth admits that the case was delayed in being brought to the lower court solely because the appellant's preliminary hearing, scheduled for July 22, 1974,[6] was continued until August 13, 1974, at the request of the local Justice of the Peace. (NT 12) Because Justices of the Peace constitute an integral part of the judiciary of this Commonwealth, we must classify the instant delays as judicial delay. The majority interprets the recent Pennsylvania Supreme Court decisions in *Commonwealth v. Mayfield*, 469 Pa. 214, 364 A.2d 1345 (1976), and *Commonwealth v. Shelton*, 469 Pa. 8, 364 A.2d 694 (1976), as authority for its holding that the type of judicial delay present in the instant case justified the allowance of an extension of time for commencement of trial to the prosecution. I emphatically disagree with the majority's reading of these cases.

In *Mayfield*, the Supreme Court held that the prosecution may be granted an extension of time predicated solely upon the judiciary's inability to provide trial within the prescribed period. The court, however, recognized that the *judiciary*, as well as the prosecution, must exercise due diligence in implementing the objectives of Rule 1100 and therefore conditioned its holding by declaring that the Rule may not be ". . . circumvented by unwarranted grants of extensions." *Commonwealth v. Mayfield, supra,* 469 Pa. at 221, 364 A.2d at 1349. For this reason, the court declared that the:

> "[T]rial court may grant an extension under rule 1100(c) only upon a record showing: (1) the 'due diligence' of the prosecution, and (2) certification that trial is scheduled for the earliest date consistent with the court's business; provided that if the delay is due to the court's inability to try the defendant within the prescribed period, the record must also show the caus-

6. The appellant was arraigned on July 15, 1974.

es of the court delay and the reasons why the delay cannot be avoided." *Id.* at 222, 364 A.2d at 1349–50. There can be no doubt that the first requirement of the *Mayfield* test has been satisfied in the present case. The record clearly shows that the prosecution proceeded with due diligence to bring the appellant to trial. However, it is equally clear that the second requirement of the *Mayfield* test has not been met. The record reveals that the Justice of the Peace violated the mandate of Pa.R.Crim. P. 140(f) [7] by failing to arrange a preliminary hearing within three to ten days after the preliminary arraignment. As the majority notes, this failure on the part of the Justice of the Peace resulted in a four month delay in trial. The majority, however, fails to recognize that under *Mayfield* the ultimate responsibility for the actions of the lower judiciary lies with the trial court.[8] I believe we are therefore precluded from finding on the record either that trial was scheduled for the earliest date consistent with the court's business or that the trial court acted with due diligence in attempting to commence trial within the prescribed time. Further, although the record reveals that the Justice of the Peace's inaction *caused* the delay in trial, the record, in violation of *Mayfield,* is silent as to *why* the delay could not have been avoided. Because the record does not evidence compliance with the requirements of *Mayfield* and because the appellant's trial did not commence within the time period prescribed by Rule 1100(a)(2), I would reverse the judgment of sentence and discharge the appellant.

7. Pa.R.Crim.P. 140(f)(1) provides:
   "When a preliminary hearing is not waived, the issuing authority shall: (1) fix a day and hour for a preliminary hearing which shall not be less than three nor more than ten days after preliminary arraignment unless extended for cause shown, unless the issuing authority fixes an earlier date upon request of the defendant or his attorney with the consent of the complainant and the attorney for the Commonwealth."

8. Clearly, the appellant has no obligation to arrange for a preliminary hearing. *E. g., Commonwealth v. Adams,* 237 Pa.Super. 452, 352 A.2d 97 (1975).

Surprisingly, the majority, in affirming the judgment of sentence, ignores the requirements of the Supreme Court as prescribed in *Mayfield*. Instead, the majority relies upon certain language from *Commonwealth v. Shelton, supra,* as authority for its holding. The Supreme Court there stated:

"[A]lthough we rule 'judicial delay' may justify an extension, it does not follow that every period of time utilized by a court in considering a matter pending before it relating to the accused will justify an extension. To the contrary, Rule 1100 allows an adequate period of time in which the Commonwealth may prepare its case and during which matters preliminary to trial may be disposed of. . . .

While the following situations are not to be considered exclusive, they represent the type of circumstances wherein an extension may be justifiably granted because of a causal relationship between the 'judicial delay' and the Commonwealth's inability to commence trial despite due diligence. . . . (2) Situations where the Commonwealth is prepared to commence trial prior to the expiration of the mandatory period but the court because of scheduling difficulties or the like is unavailable." *Id.* 469 Pa. at 17–18, 364 A.2d at 698–99.

I believe the majority's reliance upon this language to be improper for several reasons. First, the requirements prescribed by the Supreme Court in *Mayfield* must be satisfied before an extension of time for commencement of trial can be justified. The examples given by the court in *Shelton* were clearly meant to serve only as general guidelines in determining a sufficient basis for an extension of time. The mandate of *Mayfield* is clear: Each individual fact situation, even a situation apparently envisioned by the court in *Shelton,* must comply with the *Mayfield* test. Here, as previously demonstrated, the record does not show compliance with those requirements.

Secondly, this case certainly does not fit "squarely within the mandate of the *Shelton* case." The *example* used by the court in *Shelton*, and relied upon by the majority here, depicts a situation in which the trial court is unable, *despite due diligence*, to hear a case, otherwise ready for trial, within the prescribed time period because of "scheduling difficulties or the like. . . ." *Commonwealth v. Shelton, supra*, 469 Pa. at 18, 364 A.2d at 699. Here, the delay was not caused because the court was unavailable due to an unavoidable court backlog "or the like;" rather, it was occasioned by an unexplained violation by the lower court of a specific rule of procedure.

Rule 1100 was adopted "[i]n order to reduce the backlog of criminal cases in the courts of common pleas and to provide an objective standard for the protection of a defendant's right to a speedy trial . . .." *Commonwealth v. White*, 469 Pa. 460, 366 A.2d 880 (1976). In *Mayfield*, the Supreme Court provided the courts of this Commonwealth with a means by which to determine whether a sufficient basis exists to justify an extension of time. The purpose of this test is to ensure that the underlying principle of Rule 1100 is upheld. I believe that the holding of the majority not only distorts the import of both *Mayfield* and *Shelton* but also ignores the express mandate of *Mayfield* and destroys the protective function of the Rule.

I would reverse the judgment of sentence.

SPAETH, J., joins in this dissenting opinion.