511 A.2d 1346

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Phillip Thomas MONOSKY, Appellee.**

Supreme Court of Pennsylvania.

Argued March 6, 1986.

Decided July 15, 1986.

Gerald R. Solomon, Dist. Atty., Ewing Newcomer, Asst. Dist. Atty., Uniontown, for appellant.

Alphonse Lepore, Jr., Office of Public Defender, Jack R. Heneks, Jr., Uniontown, for appellee.

Before Larsen, Flaherty, McDermott, Hutchinson, Zappala and Papadakos, JJ.

## OPINION OF THE COURT

HUTCHINSON, Justice.

The Commonwealth appeals by allowance Superior Court's order of February 1, 1985, vacating the judgment of sentence imposed upon appellee Phillip T. Monosky by the Court of Common Pleas of Fayette County. *Commonwealth v. Monosky*, 341 Pa.Superior 617, 491 A.2d 920 (1985). After a non-jury trial, appellee was convicted of charges of driving under the influence of alcohol or controlled substance,[1] failing to drive at a safe speed[2] and

1. 75 Pa.C.S. § 3731.
2. 75 Pa.C.S. § 3361.

possession of a prohibited offensive weapon.[3] The trial court denied appellee's motion for a new trial and in arrest of judgment. Appellee appealed to Superior Court arguing that he was not timely tried pursuant to Pa.R.Crim.P. 1100 (Rule 1100) and that there was insufficient evidence to support the verdict. That court concluded that the trial court erred in granting the Commonwealth's request for an extension and that the case should have been dismissed under Rule 1100.[4] We now reverse Superior Court and remand the case to that court for consideration of appellee's argument regarding sufficiency of the evidence.

Appellee was notified of the above charges by complaint dated January 31, 1982. A preliminary hearing was held before a district justice on February 19, 1982. At that time, the district justice found that the evidence established a *prima facie* case, and appellee was bound over for court.

The district attorney was first made aware of this case when the transcript for the preliminary hearing was filed with the Clerk of Courts on July 16, 1982, approximately 165 days after the complaint was issued. On July 29, 1982,[5] the district attorney petitioned the trial court for an extension of time pursuant to Rule 1100.

A hearing was held on August 30, 1982, on the Commonwealth's motion. In regard to the delay in filing the transcript, the assistant district attorney stated, "In discussing the matter with Magistrate Nicholson, he advised me that he would not be able to extend to this court any reason for the delay other than that the papers were misplaced or mislaid within the Magistrate's office." N.T. August 30, 1982, at 1–2.

We are presented, therefore, with the issue of whether unexplained delay on the part of a district justice may serve

3. 18 Pa.C.S. § 908.

4. Superior Court did not address the merits of the sufficiency question because of its decision on the timeliness issue.

5. The petition was not docketed until August 4, 1982, but was timely filed before the expiration of 180 days on July 30, 1982. Appellee no longer contests that issue.

to preclude the Commonwealth from obtaining an extension of time pursuant to Rule 1100.

The Rule provides in pertinent part that:

(a)(2) Trial in a court case in which a written complaint is filed against the defendant after June 30, 1974 shall commence no later than one hundred eighty (180) days from the date on which the complaint is filed.

. . . .

(c)(1) At any time prior to the expiration of the period for commencement of trial, the attorney for the Commonwealth may apply to the court for an order extending the time for commencement of trial.

. . . .

(3) Such motion shall set forth facts in support thereof, and shall be granted only upon findings based upon a record showing that trial cannot be commenced within the prescribed period despite due diligence by the Commonwealth and, if the·delay is due to the court's inability to try the defendant within the prescribed period, upon findings based upon a record showing the causes of the delay and the reasons why the delay cannot be avoided.
(4) Any order granting a motion for extension shall specify the date or period within which trial shall be commenced. Trial shall be scheduled for the earliest date or period consistent with the extension request and the court's business, and the record shall so indicate.

Pa.R.Crim.P. 1100.

Appellee does not argue that the district attorney failed to exercise due diligence as required by the Rule. Nor does this case present an example of delay which is chargeable to the defendant, which may be excluded from the 180 days. Pa.R.Crim.P. 1100(d). The Commonwealth does not so argue, and the trial court did not reach its decision on that basis. Rather, the delay here at issue was judicial delay, occasioned by the failure of the district justice to comply with the requirement of Pa.R.Crim.P. 146(b), that the transcript of the proceedings before the issuing authority be

transmitted to the clerk of the court within five days after the defendant is held for court.

This circumstance is not expressly provided for by the Rule, nor has this Court previously addressed it.[6] The Rule specifically contemplates delay "due to the court's inability to try the defendant within the prescribed period...." Pa.R.Crim.P. 1100(c)(3). There is no evidence in this case that the court could not have scheduled the trial within 180 days, had the district attorney been prepared to proceed.

Because the Rule does not provide an answer in this instance, our decision must be based upon the reasons for the Rule. Thus we said:

> So long as there has been no misconduct on the part of the Commonwealth in an effort to evade the fundamental speedy trial rights of an accused, Rule 1100 must be construed in a manner consistent with society's right to punish and deter crime. In considering matters such as that now before us, courts must carefully factor into the ultimate equation not only the prerogatives of the individual accused, but the collective right of the community to vigorous law enforcement as well.

*Commonwealth v. Genovese,* 493 Pa. 65, 72, 425 A.2d 367, 371 (1981).[7]

. The record before us is utterly devoid of any evidence of an effort by the Commonwealth or the judiciary to avoid the requirements of Rule 1100. The district attorney, who was not present or represented at the district justice level, was

---

**6.** Superior Court has decided a case in which there was delay attributable to the district justice. *Commonwealth v. Mitchell,* 245 Pa.Superior Ct. 562, 369 A.2d 770 (1977). That decision, however, appears to rest upon the fact that the initial delay made it impossible for the court to schedule the trial within 180 days, a circumstance for which Rule 1100 does provide. *But see Commonwealth v. Mayfield,* 469 Pa. 214, 364 A.2d 1345 (1976), noted by the dissents in *Mitchell,* which seemingly requires the Commonwealth to show due diligence by the judiciary.

**7.** This statement arguably conflicts with the statement in *Mayfield, supra,* that the Commonwealth must demonstrate why the judicial delay occurred. If so, we believe the better view is expressed in the above dictum from *Genovese.*

not aware of the charges against appellee until the transcript was returned to Common Pleas approximately 165 days after the complaint was issued. "Rule 1100 is an administrative method by which we seek to give substance to the constitutional guarantee of a speedy trial for criminal defendants." *Commonwealth v. Johnson,* 487 Pa. 197, 202, 409 A.2d 308, 310 (1979). In *Johnson,* as here, the Commonwealth was not aware of the facts which would lead to its prosecution of the case. *Id.,* 487 Pa. at 203, 409 A.2d at 311. Thus, this case seems to us to be governed more appropriately by the rationale of *Johnson* rather than the dictum in *Commonwealth v. Mayfield,* 469 Pa. 214, 364 A.2d 1345 (1976).

When the district attorney has timely filed an application for an extension and was unaware of inadvertent delay by the minor judiciary in processing the complaint, such judicial delay may justify granting the application. *See Commonwealth v. Shelton,* 469 Pa. 8, 364 A.2d 694 (1976). In this case the district attorney did timely file his application for an extension. To the extent that dictum in *Mayfield, supra,* implies that the Commonwealth should be held accountable for such inadvertent judicial delay by the minor judiciary, it is disapproved.[8]

We do not now consider whether unexplained judicial delay, which occurs *after* the district attorney is aware of the charges against an accused, may justify an extension. Nevertheless, in the circumstances now before us, we do not find that dismissal of the charges is appropriate. Administrative control in the district justice's office is necessary to insure that such delays do not occur; however, when such control momentarily fails we will not penalize the Commonwealth and the interests of the community in law enforcement by dismissing criminal charges. The Commonwealth exercised due diligence and the trial court's

8. For a discussion of the arguable inconsistency between the language of *Mayfield* and *Shelton, supra,* see the dissenting opinions by Judges Hoffman and Price in *Mitchell,* 245 Pa.Superior Ct. at 568, 570, 369 A.2d at 773, 774.

relatively brief extension [9] of sixty-nine days was properly granted.[10]

The order of Superior Court is reversed, the judgment of sentence is reinstated and the matter is remanded to Superior Court for disposition of appellee's remaining appellate claims.

McDERMOTT, J., joins in this opinion and files a concurring opinion.

ZAPPALA, J., files a dissenting opinion.

NIX, C.J., did not participate in the consideration or decision of this case.

McDERMOTT, Justice, concurring.

I join in the Opinion of the Majority. However, I write separately to reiterate that cases like this one further demonstrate the need for changing Rule 1100. *See Commonwealth v. Crowley*, 502 Pa. 393, 405, 466 A.2d 1009, 1015 (1983) (McDermott, J. Concurring).

ZAPPALA, Justice, dissenting.

I dissent. This once again is a classic case which demonstrates the corrosion of the applicability of Rule 1100. Rule 1100 should either be applied by this Court or be abandoned, but to continue its elastic approach does a disservice to the citizens of this Commonwealth and the Constitution which protects them. *See Commonwealth v. Terfinko*, 504 Pa. 385, 474 A.2d 275 (1984), Zappala, J. dissenting; *Commonwealth v. Crowley*, 502 Pa. 393, 466 A.2d 1009 (1983), Zappala, J. dissenting; *Commonwealth v. Green*, 503 Pa. 278, 469 A.2d 552 (1983), Zappala, J. dissenting; *Commonwealth v. Manley*, 503 Pa. 482, 469 A.2d 1042 (1983), Zappa-

---

**9.** Appellee subsequently waived his right to a jury trial and his rights pursuant to Rule 1100 for the period after the extension. Trial was, therefore, held thirty-one days later than initially granted by the extension.

**10.** Appellee's constitutional right to a speedy trial has not been raised and is not implicated on this record.

la, J. dissenting; and *Commonwealth v. Guldin*, 502 Pa. 66, 463 A.2d 1011 (1983), Zappala, J. dissenting.