410 A.2d 343

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Richard Prescott WILSON.**

Superior Court of Pennsylvania.

Submitted March 23, 1979.

Filed Sept. 14, 1979.

Petition for Allowance of Appeal Denied Feb. 8, 1980.

Edward F. Browne, Jr., Assistant District Attorney, Lancaster, for Commonwealth, appellant.

J. Richard Gray, Lancaster, for appellee.

Before Van der VOORT, HESTER and WIEAND, JJ.

VAN der VOORT, Judge:

The lower court denied the Commonwealth's petition to extend the trial to a date beyond the 180 days set up by Rule 1100, and granted a motion to quash, which the court treated as a motion to dismiss under Rule 1100(f).

The Commonwealth has appealed.

We affirm.

In this case, the complaints were filed on October 26, 1977. On November 4, 1977, at defendant's request a rule was issued, returnable in 7 days for a line-up. The Commonwealth answered the rule in 10 days, on November 14, and on November 15, 1977 the court issued an order directing a line-up. The Commonwealth set up the line-up on December 30, 1977, 45 days later. A preliminary hearing ensued on January 27, 1978, and transcripts and papers were received by the Clerk on January 31, 1978, too late under Lancaster County procedure for the case to be scheduled for trial at the March Term, which began March 28, 1978. On March 29, 1978, the Commonwealth filed a petition to extend the time to try the case until May 26, 1978. The 180 days under Rule 1100 would expire on April 24, 1978.

Judge BUCHER heard argument on the petition to extend and the Motion to Dismiss, and on May 3, 1978, entered an order denying the petition to extend and granting the motion to dismiss. The Order reads:

AND NOW, May 3, 1978, the petition for extension of time is denied for the reasons and authority set forth in

counsel's able brief incorporated herein by reference. *Commonwealth v. Mitchell*, 245 Pa.Super. 562, 369 A.2d 700 [sic] cited by the Commonwealth is dubious authority at best for justifying the delay in scheduling the pre-trial line up.

The motion to quash the information will be treated as a motion to dismiss under Rule 1100(f) and the motion is granted.

*Commonwealth v. Mitchell*, 245 Pa.Super. 562, 369 A.2d 770 (1977), distinguished by Judge BUCHER in his order, involved a 3 week delay in scheduling a preliminary hearing, resulting from a continuance request by the justice of peace. The lower court and our court (three Judges dissenting) held that this 3 week delay did not demonstrate a lack of "due diligence" on the part of the Commonwealth.

In our present case, although he does not say so specifically, Judge BUCHER apparently concluded that the unexplained delay of 45 days between the order directing a line-up and the holding of the line-up demonstrated a lack of "due diligence" under Pa.R.Crim.P. 1100(c).

See *Commonwealth v. Mayfield*, 469 Pa. 214, 218, 364 A.2d 1345, 1347 (1976): "[T]he prosecutor must show 'due diligence' in bringing the case to trial and obtain a court extension, or the case is dismissed with prejudice. See Pa.R.Crim.P. 1100(f)".

Order affirmed.

HESTER, J., filed a dissenting statement.

HESTER, Judge, dissenting:

I dissent. The 45-day delay between the Order directing the line-up and the holding of the line-up, in my opinion, does not demonstrate a lack of due diligence. I would reverse and remand for trial on the five counts of receiving stolen property and the corruption of minors.