## Commonwealth v. Nailon

*J. Curtis Joyner,* for Commonwealth.
*Janet Mason,* for defendant.

STIVELY, *J.,* April 25, 1980 — This matter comes before the court on post-trial motions for a new trial and in arrest of judgment. After a trial by a judge and jury, defendant Michael Lamar Nailon, was found guilty of robbery, terroristic threats, recklessly endangering another person and theft by unlawful taking or disposition. Post-trial motions were filed December 5, 1978.

Most relevant to the issues raised by the post-trial motions are the following sequence of events:

1. April 18, 1978 — Complaint filed with District Justice Robert Mull and defendant arrested.

2. April 24, 1978 — Preliminary hearing, defendant released on nominal bail; formal arraignment to be held May 30, 1978.

3. April 30, 1978 — Defendant arrested and incarcerated in Camden County Prison, New Jersey for automobile theft.

4. May 1, 1978 — Chester County Bail Agency notified of defendant's incarceration; bench warrant issued; bail forfeited per order of the Honorable D. T. Marrone.

5. May 5, 1978 — District Attorney's office began work on extradition proceedings against defendant.

6. May 30, 1978 — Defendant did not appear for formal arraignment. Notation made on arraignment list that defendant was in Camden County Prison.

7. July 19, 1978 — Defendant posted bail in Camden County.

8. July 25, 1978 — Defendant waived extradition and was returned to Chester County.

9. July 31, 1978 — Case listed for trial August 28, 1978.

10. August 18, 1978 — Formal arraignment of defendant before the Honorable John E. Stively, Jr. Continuance granted by request of defense counsel as arraignment had not been held 30 days prior to trial as required by Pa.R.Crim.P. 307.

11. August 31, 1978 — Letter to court administrator from district attorney's office requesting case to be listed on October trial term.

12. September 7, 1978 — Case listed for trial October 11, 1978.

13. October 6, 1978 — Application for an order extending time for commencement of trial with rule returnable January 3, 1979.

14. October 14, 1978 — 180 days under Pa.R.Crim.P. 1100 expired.

15. October 17, 1978 — Letter to court administrator from district attorney's office requesting case to be listed on November trial term.

16. November 6, 1978 — Case listed for trial November 20, 1978.

17. November 16, 1978 — Application for dismissal under Pa.R.Crim.P. 1100 (a) (2) with rule returnable prior to trial.

18. November 20, 1978 — Hearing on extension application and dismissal held before the Honorable Leonard Sugerman; extension granted to November 22, 1978.

19. November 22, 1978 — Trial commenced before the Honorable John E. Stively, Jr. and a jury.

20. November 24, 1978 — Jury returned verdict of guilty on counts of robbery, terroristic threats,

recklessly endangering another person and theft by unlawful taking or disposition; sentence deferred.

21. December 5, 1978 — Post-trial motions filed.

Defendant first contends that the Commonwealth did not proceed with "due diligence" as mandated by Pa.R.Crim.P. 1100 from May 5, 1978 to July 25, 1978 when defendant was released from Camden County Prison. The notes of testimony from the application for dismissal held on November 20, 1978, clearly state that if not for the delay of returning defendant to Chester County, defendant would have been tried during the August criminal term.

The Commonwealth's position is that since the case was listed for trial on August 28, 1978, but was continued upon request of defense counsel and was then listed during the October trial term in position 139 on October 11, 1978, the Commonwealth proceeded with due diligence bringing the case to trial within the 180 days requirement and that the mere listing of the case prior to the expiration of 180 days is sufficient to establish due diligence.

Defendant rebuts this position and argues that he made efforts to arrange to be returned to Chester County as soon as possible and that it was his intention at all times to waive extradition to Pennsylvania. Defendant's answer to the Commonwealth's argument that the case would have been heard on August 28, 1978 but for defense counsel's request for a continuance, is that the defendant has the right, as per Pa.R.Crim.P. 307 to have 30 days between formal arraignment and trial to file pre-trial motions. The necessity of 30 days is to give counsel adequate time to determine whether or not any motions should be filed. The mere fact that no pre-trial motions were filed cannot negate defendant's right to consider filing of the same.

The crux of this case then bears upon the issue of the Commonwealth's due diligence between May 5, 1978 and July 25, 1978 when defendant waived extradition and was returned to Chester County.

This opinion writer after extensive research, has found no case directly on point to the instant case but all cases hereinafter cited, although distinguishable from the case at bar, persuasively support the proposition that the Commonwealth has the burden of proof by a preponderance of the evidence, that it has proceeded with due diligence.

The controlling case in establishing the requisite "due diligence" required by the Commonwealth is Commonwealth v. Mayfield, 469 Pa. 214, 364 A.2d 1345 (1976). In Mayfield, the court held that the prosecution must not arbitrarily delay the trying of a case more than 180 days after filing of a complaint but rather must show due diligence in bringing the case to trial.

"The Rule recognizes that "due diligence" is the most that should be demanded from the prosecution and that if despite such efforts, he cannot prepare for trial within the prescribed period, an extension is permissible. Mayfield, at 1348.

In Mayfield, as in the instant case, the prosecution was prepared for trial, but for the overcrowded docket, trial was unable to be scheduled. Distinguishable though is the fact that in Mayfield, there was no argument as to the exercise of diligence of the prosecution, whereas, in Commonwealth v. Hinton, 269 Pa. Super. 43, 409 A.2d 54 (1979), the court, discussed the requirement of due diligence and held that:

"It seems clear that the test is not a venture into hindsight reasoning as to whether, if certain individuals had been contacted, or other things done, an arrest would probably have been made. The matter

of availability and due diligence must be judged by what was done by the authorities rather than what was not done. The standard of due diligence requires only reasonable efforts." Hinton, at. 58.

In Hinton, the court held that the Commonwealth exercised due diligence, but distinguished the cases of Commonwealth v. Mitchell, 472 Pa. 553, 372 A.2d 826 (1977) and Commonwealth v. Jones, 256 Pa. Super. 366, 389 A.2d 1167 (1978). In Mitchell, the Commonwealth asserted defendant's unavailability as cause for the Rule 1100 extension based on the facts that the police visited a known address of the defendant's and circulated a photograph of him. This, to the court, adequately demonstrated due diligence.

Jones, held that the Commonwealth need not exhaust every conceivable method of locating a defendant but rather must act reasonably.

In the instant case, the Commonwealth failed to act diligently or reasonably during the two and one-half month period defendant was incarcerated in Camden County Prison.

Counsel for the Commonwealth stated that after the bench warrant was served (May 5, 1978), the Commonwealth began working on extradition papers, but said papers were not filed until July. The Commonwealth also stated that they began work on the extradition forms prior to July 19, but they "just never carried it through." This course of action is not eliciting reasonable efforts to bring defendant to trial.

Relevant to the issue of whether the 2½ month delay negated the exercise of "due diligence" on behalf of the Commonwealth is the case Commonwealth v. Wilson, 269 Pa. Super. 452, 410 A.2d 343 (1979) where the court held that Commonwealth's unexplained delay of 45 days in scheduling pre-trial

lineup demonstrated a lack of "due diligence" within the meaning of Pa. R. Crim. P. 1100. Since the Commonwealth has not adequately explained the reason for the delay, and following the precedent established in Wilson, it may be concluded that the Commonwealth did not proceed with the requisite "due diligence."

The Commonwealth rebuts any reference to the two and one-half month delay by alleging that even if the extradition papers had been filed, it would take approximately two months to extradite defendant. This argument is also without merit. If the Commonwealth had promptly filed the extradition papers, the time encompassed between the filing of the papers and defendant's extradition would have been properly excludable from the 180 day calculation, Commonwealth v. McNeal, 261 Pa. Super. 332, 396 A.2d 424 (1978), Commonwealth v. Porter, 251 Pa. Super. 346, 380 A.2d. 812 (1977)

The Commonwealth also relies upon the argument that since the defendant was incarcerated, he may be deemed unavailable for trial. This argument is without merit. In 1976 in Commonwealth v. McCafferty, 242 Pa. Super. 218, 224, 363 A.2d 1239, 1241 (1976), the court held that "the duty imposed on the Commonwealth by Rule 1100 to bring a defendant to trial within the prescribed period is not affected by the fact of his incarceration elsewhere or by his failure to demand trial" and "Once the Commonwealth knows where the defendant is, it then has the duty to act with due diligence in bringing him to trial." Commonwealth v. Clark, 256 Pa. Super 456, 463, 390, A.2d 192, 195 (1978). Since, in the instant case, the Commonwealth had knowledge of defendant's incarceration on May 5, 1978, when the bench warrant was issued, or, by giving the Commonwealth the benefit of the doubt,

on May 30, 1978 when at the formal arraignment, notation was made on the arraignment list that defendant was incarcerated in Camden County Jail, the Commonwealth had knowledge of defendant's whereabouts and the defense of unavailability was negated. Therefore, the delay of time to file extradition papers is unreasonable and not within the standards established in Clark, (supra).

Our Pennsylvania Courts have continuously held that the Commonwealth must, in proving due diligence, show the causes of the delay along with proving why the delay could not be avoided. Commonwealth v. Kidd, 251 Pa. Super. 140, 380 A.2d. 416 (1977), Commonwealth v. Antonuccio, 257 Pa. Super. 535, 390 A.2d 1366 (1978), Commonwealth v. Ehredt, 485 Pa. 191, 401 A.2d 358 (1979).

The Commonwealth, in the instant case, relies on the fact that the delay is directly attributable to the overcrowded court docket (i.e. judicial delay) since the Commonwealth proceeded diligently and had the case listed for trial two times prior to the 180 day expiration date.

This argument has no basis. The delay in this case is not directly attributable to the overcrowded docket but rather to the Commonwealth's two and one-half month unexplained delay, for if the Commonwealth had promptly and efficiently begun extradition proceedings, this case would have been tried during the August criminal trial term. The Commonwealth had knowledge of defendant's whereabouts yet did not actively proceed in returning the defendant to Chester County. Therefore, as per the aforecited cases, especially Commonwealth v. Wilson, supra, the Commonwealth did not proceed with the due diligence as mandated by Pa. R. Crim. P. 1100 and as a result Michael Lamar Nailon was not tried within 180 days. Defendant's applica-

tion dismissal under Pa. R. Crim. P. 1100 (a) (2) should have been granted and the Commonwealth's application to extend time for commencement of trial denied at the hearing held on November 20, 1978. Defendant's post-trial motion in arrest of judgment is granted and as such, we need not discuss or rule upon defendant's motion for a new trial and the contentions made in support thereof.

## ORDER

And now April 25, 1980, defendant's post-trial motion in arrest of judgment is granted.