389 A.2d 124

**COMMONWEALTH of Pennsylvania**

v.

**Douglas SHEARER, Appellant.**

Superior Court of Pennsylvania.

Argued March 27, 1978.

Decided July 12, 1978.

Alan Ellis, State College, for appellant.

C. Kent Price, Assistant District Attorney, and Charles C. Brown, Jr., District Attorney, State College, submitted a brief for Commonwealth, appellee.

Before JACOBS, President Judge, and HOFFMAN, CERCONE, PRICE, VAN der VOORT, SPAETH and HESTER, JJ.

HOFFMAN, Judge:

Because we believe that the lower court erred in denying appellant's Rule 1100(f)[1] application, we vacate the judgment of sentence and order appellant discharged.

1. Pa.R.Crim.P. 1100(f); 19 P.S. Appendix provides:

"(f) At any time before trial, the defendant or his attorney may apply to the court for an order dismissing the charges with prejudice on the ground that this Rule has been violated. A copy of such application shall be served upon the attorney for the Commonwealth, who shall also have the right to be heard thereon. Any order granting such application shall dismiss the charges with prejudice and discharge the defendant."

In *Commonwealth v. Shelton,* 469 Pa. 8, 364 A.2d 694, 696 (1976), our Supreme Court stated: "Rule 1100 mandates the commencement of trial within a specifically defined period of time. It provides for two exclusions from the computation of the mandatory period. Pa.R.Crim.P. 1100(d).[2] Whether or not circumstances exist in any given case which warrant excluding certain periods of time pursuant to section (d) is to be determined when an accused applies for dismissal of the charges because of an alleged violation of the Rule pursuant to section (f). *Commonwealth v. O'Shea,* 465 Pa. 491, 350 A.2d 872, 875 n. 9 (1976). Further, the Rule provides for extensions of the mandatory period where despite due diligence by the Commonwealth trial cannot be commenced within the mandatory period provided by the Rule or set forth in an order granting extension. Pa.R. Crim.P. 1100(c)." [3]

In the instant case, Rule 1100(a)(2) mandated the commencement of trial within 180 days from the filing of the complaint on August 3, 1976. Trial did not commence until February 18, 1977, 200 days after the filing of the complaint. Thus, twenty days "'must be either excluded from the computation [of the period, Pa.R.Crim.P. 1100(d)] or justified by an order granting an extension pursuant to the terms of

2. Rule 1100(d) provides:
  "(d) In determining the period for commencement of trial, there shall be excluded therefrom such period of delay at any stage of the proceedings as results from:
  (1) the unavailability of the defendant or his attorney;
  (2) any continuance in excess of thirty (30) days granted at the request of the defendant or his attorney, provided that only the period beyond the thirtieth (30th) day shall be so excluded."

3. Rule 1100(c) provides:
  "(c) At any time prior to the expiration of the period for commencement of trial, the attorney for the Commonwealth may apply to the court for an order extending the time for commencement of trial. A copy of such application shall be served upon the defendant through his attorney, if any, and the defendant shall also have the right to be heard thereon. Such application shall be granted only if trial cannot be commenced within the prescribed period despite due diligence by the Commonwealth. Any order granting such application shall specify the date or period within which trial shall be commenced."

the rule [Pa.R.Crim.P. 1100(c)] if the Commonwealth is to prevail.' *Commonwealth v. O'Shea*, [supra, 465 Pa. at 491, 350 A.2d at 874]" *Commonwealth v. Shelton*, supra, 469 Pa. at 14, 364 A.2d at 697. The Commonwealth does not contend that any days may be excluded from the mandatory period pursuant to Rule 1100(d). Instead, the Commonwealth attempts to justify the delay on the basis of a January 28, 1977 order granting a 30 day extension of time within which to commence trial pursuant to Rule 1100(c). However, the Commonwealth's Rule 1100(c) petition alleged only that trial could not be commenced within the 180 day period because appellant's pre-trial suppression motions remained outstanding. At a January 25, 1977 hearing on its Rule 1100(c) petition, held 175 days after the filing of the Complaint, the Commonwealth conceded that the lower court had resolved appellant's suppression motions on January 24, 1977, and admitted that it could proceed to trial within the next four days. Nevertheless, the Commonwealth reiterated its request for a Rule 1100(c) extension, and the lower court granted this request. We believe that the lower court's action contravened Rule 1100(c)'s injunction that: "*[s]uch application shall be granted only if trial cannot be commenced within the [180 day] period, despite due diligence by the Commonwealth.*" Once the Commonwealth conceded that the lower court had decided all outstanding suppression motions prior to the January 25, 1977 hearing, no reason appeared why trial could not be commenced before the expiration of the 180 day period. Accordingly, the lower court should have refused the Commonwealth's request for a Rule 1100(c) petition and should have granted appellant's subsequent Rule 1100(f) application. *Commonwealth v. Woodson*, 248 Pa.Super. 545, 375 A.2d 375 (1977). We vacate the judgment of sentence and order appellant discharged.

Judgment of sentence vacated and appellant discharged.

VAN der VOORT and HESTER, JJ., dissent.