419 A.2d 1206

**COMMONWEALTH of Pennsylvania**

v.

**Odell ASHFORD, Jr., Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 13, 1979.

Filed April 18, 1980.

George C. Yatron, First Assistant Public Defender, Reading, for appellant.

J. Michael Morrissey, District Attorney, Reading, for Commonwealth, appellee.

Before PRICE, VAN der VOORT and WIEAND,* JJ.

WIEAND, Judge:

Odell Ashford, Jr. was convicted by a jury of simple assault, a misdemeanor of the third degree. On appeal, he argues (1) that the evidence was insufficient to sustain the verdict, and (2) that his trial was not held timely as required by Pa.R.Crim.P. 1100. We agree that trial was not timely and, therefore, vacate the judgment of sentence.

Appellant and Barbara Lee Monyer became involved in an altercation at a gasoline service station on Lancaster Avenue in Reading, Pennsylvania. Considered in the light most favorable to the Commonwealth as verdict winner, the evidence discloses that appellant approached Ms. Monyer's vehicle, yelled and cursed at her, called her a "cocky white slut" and spit on her. The victim attempted to slap appellant in retaliation; whereupon, he punched her above the right eye so as to cause a cut requiring fourteen sutures to close.

* Judge DONALD E. WIEAND is sitting by special designation.

Simple assault is defined in 18 Pa.C.S. § 2701(a) as follows: "A person is guilty of assault if he: (1) attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another . . ." It is a misdemeanor of the third degree if it is "committed in a fight or scuffle entered into by mutual consent . . .." 18 Pa.C.S. § 2701(b). Although there were substantial conflicts in the testimony pertaining to the manner in which the dispute occurred and the conduct of the participants, the evidence is clear that appellant inflicted bodily injury upon his victim and that he did so intentionally, knowingly or recklessly. The evidence, therefore, was sufficient to sustain the verdict of the jury.

The criminal complaint was filed on March 12, 1977. Trial, therefore, was required to commence on or before September 8, 1977. Pa.R.Crim.P. 1100. On August 25, 1977, the Commonwealth filed a petition to extend the time for trial; it was heard on September 12, 1977. A defense motion to dismiss was heard at the same time. After hearing, the court granted a ten day extension; and trial commenced on September 14, 1977.

When appellant was arrested, the address which he gave to the magistrate was 23 Green Street, Lancaster. This was a correct address. However, appellant was also found to be carrying an identification card which recited his address as 308 New Holland Avenue, Lancaster. Both addresses were placed upon the magistrate's transcript. Prior to the date of arraignment on June 27, 1977, the District Attorney sent notice of arraignment to appellant at both addresses, except that the Green Street address was mistakenly marked "Reading, Pennsylvania." Appellant received neither notice. No notice was sent to his attorney. When appellant failed to appear on the date of arraignment, a bench warrant was issued for his arrest. He learned of its issuance on or about July 19, 1977, made inquiry about it, and surrendered voluntarily on August 15, 1977. This was the first day of the last week of scheduled jury trials for August in Berks County. Appellant was arraigned on that day, but trial was not commenced prior to the close of business on Friday.

Rule 1100(c) permits the Commonwealth to apply to the court for an order extending the time for commencement of trial. It may be granted by the court "only if trial cannot be commenced within the prescribed period despite due diligence by the Commonwealth." *Commonwealth v. Mayfield*, 469 Pa. 214, 364 A.2d 1345 (1976); *Commonwealth v. Dixon*, 262 Pa.Super. 161, 396 A.2d 695 (1978); *Commonwealth v. Shearer*, 255 Pa.Super. 570, 389 A.2d 124 (1978).

■ In the instant case, the Commonwealth has not shown that appellant could not have been tried timely in the exercise of due diligence. Except that it sent notice of arraignment to an incorrect address, the Commonwealth failed to show what, if any, efforts were made to find appellant after he failed to appear. Although a bench warrant was issued thereafter, the record is a complete blank concerning the efforts made to find appellant and serve the warrant. We know that appellant was available, was residing at 23 Green Street, Lancaster, Pennsylvania, and surrendered voluntarily after learning that a bench warrant had been issued for him. We also know that his correct address was at all times known to and in the possession of representatives of the Commonwealth. Still, there was no attempt to contact him by telephone, by letter correctly addressed or by a personal visit to his residence. After he learned of the issuance of the bench warrant, appellant called the District Attorney's office on several occasions to ask about arraignment and finally surrendered voluntarily on August 15, 1977. He was arraigned that same day. Under these circumstances, the record does not permit a finding that appellant, in the exercise of due diligence, could not have been tried within 180 days. The Commonwealth's petition for an extension of time, therefore, should not have been granted. The application to dismiss, moreover, was proper and should have been granted.

The judgment of sentence is vacated, and appellant is discharged.

VAN der VOORT, J., dissents.