588 A.2d 53

**COMMONWEALTH of Pennsylvania**

v.

**David DOUGLASS, Appellant.**

Superior Court of Pennsylvania.

Argued Jan. 22, 1991.

Filed March 20, 1991.

William A. Fetterhoff, Harrisburg, for appellant.

Kathy G. Wingert, Asst. Dist. Atty., Harrisburg, for Com.

Before OLSZEWSKI, BECK and TAMILIA, JJ.

TAMILIA, Judge.

This is an appeal from a March 1, 1990 judgment of sentence imposed following a jury conviction for simple assault and the denial of post-trial relief. The imposition of a jail sentence was suspended and appellant was sentenced to twelve months probation, 150 hours of community service and a $500 fine.

Appellant is the principal of Mountain View Christian School, a private school affiliated with a Hummelstown, Pennsylvania, fundamentalist church. The assault in question occurred on December 2, 1988, wherein appellant, the 36–year old, six foot tall, 210 pound school principal, administered a paddling to John Onderdonk, a seven year old first grade student who had repeatedly misbehaved during the course of the day. John is three feet ten inches tall and weighs approximately 45 pounds. The testimony presented indicated the school was aware the victim had been medically diagnosed as hyperactive and was on medication for his behavioral problems. All parents enrolling their children in the school receive a written explanation of the school's corporal discipline policy and are asked to sign a prepared consent form giving their approval of the policy. Susan Rothenberger, John's mother, executed such a consent form upon the child's enrollment in the school.

It appears the victim was no stranger to the paddle. He testified he was paddled many times prior to December 2nd by his parents as well as school authorities. However, the December 2nd paddling was much worse than the other times. He said he was paddled twice, with a brief interval, then paddled twice more, totalling 50 to 60 swats—although admittedly he did not count. Appellant had paused to phone John's mother to inform her of her son's misconduct. Upon returning, the paddling continued. The victim described the effect of his pain as leaving him choked and having trouble breathing.

In conflicting testimony, the appellant maintained there were two brief interludes between the paddling sessions and he administered only 7 to 10 swats in toto. The initial paddling appeared ineffective and appellant was dissatisfied because the victim was rebellious and not submissive. The testimony of appellant, as well as that of a witness to the spanking, indicated the boy was not crying when he left school, he walked without difficulty and did not complain.

Victim's mother and step-father, upon seeing the bruises on the boy's buttocks that evening, took him to the police.

Derry Township Police officers testified to the bruises, and color photographs were introduced displaying bruises on both sides of the buttocks and back of the legs. Upon advice of the police, the parents took the victim to the hospital. The treating physician testified the bruising was consistent with forceful and repeated paddling. He further stated the boy would have experienced an extreme amount of pain. Appellant presented the testimony of an examining physician who testified any pain would have been fleeting and the discoloration and swelling would disappear in a couple of days.

Since the incident, the victim has received counseling from a psychologist for depression and emotional problems. He has also cried at night, has nightmares and trouble sleeping.

■ Appellant argues the trial court abused its discretion by failing to dismiss the information for failure to state a cause of action. Crucial to our examination of this issue is a careful analysis of the applicable statute. Simple assault is defined as:

(a) **Offense defined.**—A person is guilty of assault if he:

(1) attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another.

18 Pa.C.S. § 2701(a)(1). "Bodily injury" is defined as "substantial pain." 18 Pa.C.S. § 2301. Thus, one is guilty of simple assault where he intentionally, knowingly or recklessly causes one to suffer substantial pain. *See Commonwealth v. Ashford*, 277 Pa.Super. 400, 419 A.2d 1206 (1980). However, a teacher or principal, otherwise entrusted with the care or supervision of a minor for a special purpose, is justified in using force on the minor as long as:

(i) the actor believes that the force used is necessary to further such a special purpose, including the maintenance of reasonable discipline in a school, class or other group and that the use of such force is consistent with the welfare of the minor; and

110

(ii) the degree of force, if it had been used by the parent or guardian of the minor would not be unjustifiable under **paragraph (1)(ii)**.

18 Pa.C.S. § 509(2)(i), (ii) (emphasis added). Paragraph (1)(ii) provides:

(ii) the force used is not designed to cause or known to create a substantial risk of causing death, serious bodily injury, disfigurement, **extreme pain** or mental distress or gross degradation.

*Id.* § 509(1)(ii) (emphasis added). It is uncontested by all parties the victim's behavior in school that day warranted a paddling. However, what is at issue is whether the force used by appellant was excessive thereby subjecting him to criminal liability. Our review focuses on the statutory provision as it relates to "extreme pain or mental distress." The Commonwealth does not allege that the appellant's behavior created a substantial risk of causing death, serious bodily injury, disfigurement or gross degradation.

■ In our view, the legislature has made the Commonwealth's burden in proving school personnel committed assault greater than that of other unspecified classes of persons. With the latter group, the Commonwealth need only prove "substantial pain" in order to convict one for simple assault. However, the Commonwealth must prove a minor has suffered "extreme pain" when attempting to prosecute a "teacher or person otherwise entrusted with the care and supervision of a minor." 18 Pa.C.S. § 509. Although a teacher who causes "extreme pain" necessarily causes "substantial pain," because the definition of substantial pain is necessarily included within the meaning of extreme pain, the two terms are not synonymous. Thus, by proving the child merely suffered substantial pain does not automatically prove he has suffered extreme pain. A showing of extreme pain requires more and places on the Commonwealth a higher standard of proof. Accordingly, in order to sustain a simple assault conviction for a teacher or person otherwise entrusted with the care or supervision of a minor for a special purpose, the Commonwealth must not

merely prove the child suffered substantial pain, but rather suffered extreme pain.

After a thorough review of the record, we find the trial court properly instructed the jury of its role in making this finding. Although the distinction between "extreme pain" and "substantial pain" as a necessary element to convict appellant of assault could have been clearer, we hold the judge did not abuse his discretion. *See Commonwealth v. Tharp*, 373 Pa.Super. 285, 541 A.2d 14 (1988). The error, if any, was de minimis.

Appellant asserts the charge of simple assault in conjunction with the exceptions contained in (2)(ii) and (1)(ii) of section 509 violates due process in that guilt posited on inflicting "extreme pain" is fatally vague. He contends the prohibition against inflicting extreme pain fails to give adequate, reasonable or fair notice of the conduct condemned. We disagree.

 In order to comply with the due process clauses of both the Pennsylvania and United States Constitutions, a criminal statute must be sufficiently certain and definite to inform the accused of the acts which the statute is intended to prohibit and which will render one liable to its penalties. *City of Chester v. Elam*, 408 Pa. 350, 184 A.2d 257 (1962). Albeit the term extreme pain is not defined by statute, the words "extreme pain" are not so vague that persons of common intelligence must necessarily guess at their meaning and differ as to their application. The purpose of the statute is clear. It is to allow corporal punishment as to parents, teachers and legitimate child caretakers which, without section 509, would fall under the definition of simple assault. However, corporal punishment may not exceed the bounds justifiable for maintenance of reasonable discipline, consistent with the welfare of the minor.

 The term "extreme" is synonymous with excessive. The statute simply says pain inflicted as a result of discipline must not be excessive. The punishment must be justifiable and fit the misconduct. Excessive discipline is

contrary to the welfare of the child, even when discipline is justifiable. The statute is not vague; rather, appellant was on notice of the prohibited conduct and was required to act accordingly. In addition, we find, upon reviewing the charge as a whole, no reason to believe the jury was confused by the terms of the statute as delineated by the court.

Appellant next maintains a school teacher may only be convicted of an assault-type charge if the discipline is sufficiently harsh to fall within the terms of "aggravated assault." In rejecting this argument, we believe the legislature never intended 18 Pa.C.S. § 509 to shield a school teacher from ever being convicted for simple assault as amplified by the statute. The official comment to section 509 states in pertinent part:

> This section is derived from section 3.08 of the Model Penal Code and makes no substantial change in existing law.
>
> . . . . .
>
> [A] teacher may inflict reasonable corporal punishment on a student. *Commonwealth v. Yalk*, 30 Luz.L.Reg. 173 (1984).

18 Pa.C.S. § 509 Official Comment—1972. The legislation in question is an attempt to shield parents, principals, teachers and persons otherwise entrusted with the care or supervision for a special purpose from simple assault liability, where the degree and manner of force used and the attendant justifications are neither excessive nor unreasonable under the circumstances. However, the statute is a determination by the legislature that it is unreasonable for a teacher to inflict "extreme pain." Consequently, it is the legislature's intent to hold teachers accountable for simple assault which does not reach the level of an aggravated assault, where the pain inflicted is extreme.

Our ruling today does not deviate from our decision in *Commonwealth v. Ogin*, 373 Pa.Super. 116, 540 A.2d 549 (1988), *alloc. denied* 521 Pa. 612, 557 A.2d 343 (1989), in

which parents, who attempted to raise the shield of section 509, were convicted of simple assault. In *Ogin*, the degree of force used against a 17–month old baby was not only unreasonable and excessive, in light of the age and mental condition of the child being disciplined, thus endangering the child's welfare, but the discipline was certainly not used for the purpose of safeguarding or promoting the welfare of the child.[1]

█ Appellant asserts the trial court also erred by denying his request for an independent psychological evaluation of the victim. The denial of the request for an independent psychiatric or psychological examination, it is alleged, prevented the presentation of evidence to rebut the claim the paddling caused the child to suffer mental distress. This claim is wholly without merit.

Concededly, this is a matter within the discretionary discovery guidelines of Pa.R.Crim.P. 305(B)(2). In order to provide adequate information for informed pleas, expedite trials, minimize surprise, afford opportunity for effective cross-examination and meet the requirements of due process, discovery prior to trial should be as full and free as possible consistent with the protection of persons, effective law enforcement, the adversary system and material security. *Commonwealth v. Thiel*, 323 Pa.Super. 92, 470 A.2d 145 (1983). In the instant case, all medical and psychological reports were turned over to appellant prior to trial. The Commonwealth presented no expert testimony regarding the child's psychological condition following the paddling

---

1. Three incidents took place in *Commonwealth v. Ogin*, 373 Pa.Super. 116, 540 A.2d 549 (1988), *alloc. denied* 521 Pa. 612, 557 A.2d 343 (1989), any one of which, in and of itself, would sufficiently take the conduct outside 18 Pa.C.S. § 509 protection. A 17–month old baby was slapped with extreme force by her mother after the baby quietly extended her arms gesturing that she wanted to be picked up; the father burned the child by shoving a plate of hot spaghetti in the child's face because the child did not immediately eat after the spaghetti came off the hot stove; the child was forcefully thrown up against a brick wall after she ran from her mother down a sidewalk after her 3–year old brother who was riding a bigwheel.

nor did it attempt to represent the child as diagnosed as suffering mental distress. As the trial court stated:

> There was no need to cross examine any expert called by the Commonwealth or rebut such testimony for there was none. The boy did state he had nightmares following the paddlings. Whether the child actually suffered from anxiety was a matter of credibility, not expert opinion. It may also be noted the defense was allowed to show the charges were not brought until after the child was taken to a psychologist and the defense did argue the mother's motivation on taking the child to the psychologist was to build a case.

(Slip Op., Lipsitt, J., 2/2/90, p. 10.) Accordingly, the court did not abuse its discretion by denying appellant the opportunity to have an independent psychological assessment of the child.

Appellant next contends the trial court erred in preventing appellant from introducing evidence concerning drug use by the child's mother, in an effort to establish independent traumatic factors contributing to the emotional distress of the child victim. Admission or exclusion of evidence is a matter for the trial judge's discretion and will not be reversed absent abuse of discretion. *Commonwealth v. Williams*, 344 Pa.Super. 493, 496 A.2d 1213 (1985); *Commonwealth v. Pittman*, 320 Pa.Super. 166, 466 A.2d 1370 (1983).

The causal nexus between the mother's activity and the child's anxiety concerning his principal following the paddling is at best tenuous. Additionally, evidence of the mother's purported drug abuse would be more prejudicial than probative and would unfairly prejudice the Commonwealth. A trial court may exercise its discretion to exclude evidence which although relevant, may confuse, mislead or prejudice the jury. *Commonwealth v. Lumpkins*, 324 Pa.Super. 8, 471 A.2d 96 (1984).

Finally, appellant maintains the evidence was insufficient as a matter of law to sustain the verdict. We find

overwhelming evidence present from which a jury could find, beyond a reasonable doubt, appellant inflicted extreme pain on the victim. This Court's standard of review for "sufficiency of the evidence" claims views the evidence presented and all reasonable inferences taken therefrom in the light most favorable to the Commonwealth as verdict winner. The test is whether the evidence, viewed in this light, is sufficient to prove guilt beyond a reasonable doubt. *Commonwealth v. McIlvaine,* 385 Pa.Super. 38, 560 A.2d 155 (1989). The credibility of witnesses and the weight to be accorded the evidence produced are matters within the province of the trier of fact, who is free to believe, all, some or none of the evidence. *Commonwealth v. Fahy,* 512 Pa. 298, 516 A.2d 689 (1986).

The minor testified the paddling hurt worse than any previous paddling, and hurt more than falling from his bicycle or other childhood injuries. From its combined common living experience, a jury could determine that receiving 60 to 70 whacks from a 210 pound principal striking a paddle against his buttocks would be extremely painful for a 45 pound, seven year old boy. Additionally, testimony of parent witnesses, detective witnesses and the examining physician in addition to the pictures depicting the extent of the boy's injuries, if found credible by the jury, would support its verdict.

As the trial court appropriately stated:

Whether the testimony by the boy or by the doctor who treated him, or the photographs introduced through the police were exaggerations were matters for the jury to evaluate and after the verdict, their credibility must be accepted.

The evidence established that the Defendant inflicted not only substantial (a violation of 18 Pa.C.S. § 2701(a)(1) defined in 18 Pa.C.S. § 2301) but extreme pain (unjustified under 18 Pa.C.S. § 509) upon the child at the time of the paddlings in addition to longer term mental distress. As such, the evidence is sufficient to support the verdict of guilty of simple assault and the jury's implicit conclu-

sion that the paddling exceeded what is permissible under the justification provisions of § 509. The paddling amounted neither to reasonable discipline nor to force consistent with the welfare of the minor.

(Slip Op. at 12.) Accordingly, we affirm.

Judgment of sentence affirmed.