J-A17031-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LINDA SHERRELL JONES, | : | |
| | : | |
| Appellant | : | No. 1359 WDA 2017 |

Appeal from the Judgment of Sentence August 10, 2017
in the Court of Common Pleas of Allegheny County,
Criminal Division at No(s):  CP-02-CR-0013820-2015

BEFORE:  OTT, J., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:          FILED NOVEMBER 20, 2018

Linda Sherrell Jones ("Jones") appeals from the judgment of sentence imposed following her conviction of aggravated assault of a victim less than six years of age, and endangering the welfare of a child.[1]  We affirm.

In 2014, Allegheny County Children, Youth, and Families ("CYF") became involved with Jones, her husband, Devlin Jones, and six of their children, including five-year-old D.T. ("Child").  CYF was alerted to investigate the family based on a tip that they were having trouble with housing.  On a routine home visit in April 2015, CYF observed unexplainable injuries to Child.  After Child was taken to a hospital to be evaluated, physicians observed linear marks on Child's back, buttocks, and legs that were indicative of physical abuse.  Subsequently, CYF reported the suspected abuse to Allegheny County

_____

[1] See 18 Pa.C.S.A. §§ 2702(a)(8), 4304(a)(1).

Police.  On August 7, 2015, Jones was charged with aggravated assault of a victim less than six years of age, and endangering the welfare of a child.

In September 2015, CYF observed injuries to one of Child's siblings. Following a physical examination, CYF submitted a request for emergency custody authorization ("ECA")[2] of Child and his siblings, which was granted. Prior to placement in a foster home, Child was examined by physicians for signs of physical abuse.  Physicians observed on Child healed wounds and scars, which were previously visible during the April 2015 examination.

After a non-jury trial on May 26, 2017, Jones was convicted of the above-described charges.  The trial court deferred sentencing and ordered a pre-sentence investigation report ("PSI").  Subsequently, the trial court sentenced Jones to an aggregate term of nine to 18 months in prison, followed by five years of probation.  Thereafter, Jones filed a Post-Sentence Motion, which the trial court denied.  Jones filed a timely Notice of Appeal and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

On appeal, Jones raises the following questions for our review:

1.  To prove that [Jones]'s use of corporal punishment with [Child] was not justifiable, the Commonwealth had to establish that the force [Jones] used was, among other things, designed to cause extreme pain or mental distress.  It failed to do so.  Did the trial court err in convicting [Jones] of [a]ggravated [a]ssault and

_____

[2] An ECA is a procedure whereby CYF requests permission from a judge to remove children from their home of origin and place the children in available and appropriate foster homes.

[e]ndangering welfare of children stemming from her use of corporal punishment?

2. In criminal trials[,] the proof offered by the Commonwealth must measure up to the charge made in the indictment. Here, the Information specifically alleged that the crime occurred between March 1 and April 30 of 2015. At trial, however, the Commonwealth failed to prove that the alleged crime occurred during this timeframe. Thus, the proof failed to measure up to the charge made in the indictment. Did the court err in convicting [] Jones?

Brief for Appellant at 4 (quotation marks omitted).

In her first claim, Jones alleges that the Commonwealth failed to prove, beyond a reasonable doubt, that her use of force was not justifiable. See id. at 16-23. Jones concedes that she struck Child, but claims she justifiably did so to punish misconduct. Id. at 19-20, 22-23. Jones claims that her use of force was not designed to cause, or known to cause, a substantial risk of causing death, serious bodily injury, disfigurement, extreme pain or mental distress, or gross degradation. Id. Jones points out that Child did not sustain serious bodily injury or injuries that could have resulted in a substantial risk of death; Child did not testify that Jones's use of force caused him extreme pain or extreme mental distress; an examining doctor did not testify that Child actually experienced extreme pain; and there was no evidence that Child experienced psychological issues that could be tied to Jones's use of force. Id.; see also id. at 23 (arguing that the evidence failed to establish that the scars on Child's body are a result of Jones's discipline).

When considering a challenge to the sufficiency of the evidence, we ascertain

> whether[,] viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt.  In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder.  In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence.  Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances.  The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence.  Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered.  Finally, the finder of fact[,] while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, or part or none of the evidence.

Commonwealth v. Melvin, 103 A.3d 1, 39-40 (Pa. Super. 2014) (citation omitted).

18 Pa.C.S.A. § 509 states, in relevant part, as follows:

> § 509. Use of force by persons with special responsibility for care, discipline or safety of others
>
> The use of force upon or toward the person of another is justifiable if:
>
> > (1) The actor is the parent or guardian or other person similarly responsible for the general care and supervision of a minor or a person acting at the request of such parent, guardian or other responsible person and:
> >
> > > (i) the force is used for the purpose of safeguarding or promoting the welfare of the minor, including the preventing or punishment of his misconduct; and

- 4 -

> (ii) the force used is not designed to cause or known to create a substantial risk of causing death, serious bodily injury, disfigurement, extreme pain or mental distress or gross degradation.

18 Pa.C.S.A. § 509(1); see also Commonwealth v. Ogin, 540 A.2d 549, 554 (Pa. Super. 1988) (stating that Section 509 represents a compromise between a parent's right to use corporal punishment and the need for "limits regarding the type and severity of the corporal punishment which a parent may impose."). Additionally, "Section 509(1)(i) and (ii) involve independent requirements and appellants are not entitled to a justification defense unless they complied with both standards." Ogin, 540 A.2d at 554.

For purposes of Section 509, "[t]he term 'extreme' is synonymous with excessive. [Therefore, Section 509] simply says pain inflicted as a result of discipline must not be excessive. The punishment must be justifiable and fit the misconduct. Excessive discipline is contrary to the welfare of the child, even when discipline is justifiable." Commonwealth v. Douglass, 588 A.2d 53, 56 (Pa. Super. 1991); see also Ogin, 540 A.2d at 555 (stating that "a defendant's actions are not legally justified simply because he may sincerely believe that the best way of safeguarding or promoting a child's welfare is to inflict a cruel and patently excessive punishment."). "[W]hen applying the justification statute, the court should focus not only on the degree of force exerted by the parent but also on the age and the physical and mental condition of the child who has been disciplined." Ogin, 540 A.2d at 555. The Commonwealth bears the burden of proof to show, beyond a reasonable

doubt, that the defendant is not entitled to a justification defense. See Douglass, 588 A.2d at 56; see also 18 Pa.C.S.A. § 502 (stating that "[i]n any prosecution based on conduct which is justifiable under this chapter, justification is a defense.").

Here, Child testified that on multiple occasions, Jones beat him on his buttocks and legs with an electrical cord and a clothes hanger. See N.T., 5/26/17, at 22-23, 34, 39, 41, 44. Child stated that the lashings were painful and left "scratches."[3] Id. at 23-24; see also id. at 41 (wherein Child indicated he was hit with his shirt off). Child stated that he was hit because he would get food out of the refrigerator without permission. Id. at 30-31.

Adelaide Eichman, M.D. ("Dr. Eichman"), a pediatrician and child advocacy physician, testified that she reviewed photographs from Child's April 2015 hospital visit and, in September 2015, conducted a physical examination of Child. See N.T., 3/31/17, at 15-16, 39-40. Regarding her review of the April 2015 photographs, Dr. Eichman stated that Child had "multiple inflicted marks on his body," including linear marks on his back, a healed scar on his left buttock, and a scar on his upper left arm." Id. at 41. Dr. Eichman opined that "there is [no] accidental way to get" the type of linear marks made on the Child. Id. at 12. Dr. Eichman concluded that Child "had been physically abused multiple times," through the use of an implement. Id. at 12, 41,

_____

[3] Child stated that although his dad also hit him, it did not leave marks. Id. at 41.

48-49; see also id. at 16 (wherein Dr. Eichman stated that Child had been "a victim of physical abuse on more than one occasion.").

Kaitlyn Leo ("Leo"), a caseworker with CYF, testified that she observed injuries indicative of abuse on Child when CYF removed Child from Jones's home on September 22, 2015. See N.T., 5/26/17, at 88. Leo also stated that Child exhibited signs of being underfed. See id. at 93 (stating that after being removed from Jones's care, "[Child and his siblings] were gorging and binging on food, stealing food and hiding it in their beds and in their pillows[.]"); see also id. at 64-65 (stating that during one of CYF's visits to Jones's home, "[t]here was little to no food in the home.").

Viewing the evidence in the light most favorable to the Commonwealth, there was sufficient evidence to establish that the force exerted by Jones was not undertaken for the purpose of safeguarding Child. See 18 Pa.C.S.A. § 509(1)(i). Further, the punishment employed by Jones, striking Child, a five-year-old boy, with an electrical cord and a hanger, was designed to cause extreme pain, mental distress or gross degradation. See id. § 509(1)(ii). Therefore, viewing the evidence in a light most favorable to the Commonwealth, we conclude that the Commonwealth introduced sufficient evidence to reject Jones's justification defense.

In her second claim, Jones alleges that the evidence was insufficient to prove that the alleged abuse occurred between the dates set forth in the Information, March 1, 2015, to April 30, 2015. See Brief for Appellant at 24-

33. Jones argues that the inaccuracy of the dates deprived her of sufficient notice to prepare a defense, in violation of her right to due process as set forth in the Sixth Amendment of the United States Constitution. Id. at 24-25, 29-32. Jones claims that Child never gave dates for when he was abused; Dr. Eichman did not identify an exact time period when the abuse occurred; and Leo's testimony, that Child told her he was abused in that time period, was inadmissible hearsay, preserved by a proper objection on the record. Id. at 30-32.

> It is the duty of the prosecution to fix the date when an alleged offense occurred with reasonable certainty. The purpose of so advising a defendant of the date when an offense is alleged to have been committed is to provide him with sufficient notice to meet the charges and prepare a defense.
>
> However, due process is not reducible to a mathematical formula, and the Commonwealth does not always need to prove a specific date of an alleged crime. Additionally, indictments must be read in a common sense manner and are not to be construed in an overly technical sense. Permissible leeway regarding the date provided varies with, inter alia, the nature of the crime and the rights of the accused. ...
>
> [T]he Commonwealth is not required to prove the single specific date of a crime in every instance, instead, any leeway would vary with the nature of the crime and the age and condition of the victim balanced against the rights of the accused.

Commonwealth v. Brooks, 7 A.3d 852, 858–59 (Pa. Super. 2010) (citations, quotation marks, brackets, and ellipses omitted).

Here, Child testified to continuous physical abuse. See N.T., 5/26/17, at 22-24, 34, 39, 41, 44. Dr. Eichman testified that when Child was taken to the hospital on April 17, 2015, "there were marks on his body that were

suggestive of inflictive marks at that time." N.T., 3/31/17, at 43. Leo testified that Child had unexplained injuries in April 2015, and that she witnessed injuries to Child in September 2015. See N.T., 5/26/17, at 66-67, 88. Viewing the evidence in the light most favorable to the Commonwealth, this evidence established that the alleged crimes occurred between March 1 and April 30, 2015. See Brooks, supra; see also Commonwealth v. Riggle, 119 A.3d 1058, 1070 (Pa. Super. 2015) (stating that the Commonwealth is entitled to "broad latitude when attempting to fix the date of offenses which involve a continuous course of criminal conduct."). Further, Jones has not specified how the alleged inaccuracy of the dates in the Information rendered her unable to prepare a defense. See Brooks, 7 A.3d at 859 (stating that "since the crimes allegedly occurred over a continuous period … [a]ppellant's ability to defend himself was less seriously encroached upon than it might have been otherwise." (brackets and citation omitted)). Accordingly, Jones's second claim is without merit.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  11/20/2018